# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW FITCH,                                    )
RICHARD D'ALESSANDRO, and                        )        Case No. 2:18-cv-01534-DSC-CRE
MICHAELLE HUTCHISON, individually                )
and on behalf of all others similarly situated,  )
                                                 )
                    Plaintiffs,                  )
                                                 )
        v.                                       )
                                                 )
GIANT EAGLE, INC., d/b/a GETGO CAFÉ              )
+ MARKET,                                        )
                                                 )
                    Defendant.                   )

## <u>BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

Dated: January 22, 2019                    Respectfully submitted,

                                           */s/ Brian C. Hill*
                                           Bernard D. Marcus (PA ID 01293)
                                           marcus@marcus-shapira.com
                                           Jonathan D. Marcus (PA ID 312829)
                                           jmarcus@marcus-shapira.com
                                           Erin Gibson Allen (PA ID 76990)
                                           allen@marcus-shapira.com
                                           Brian C. Hill (PA ID 204489)
                                           hill@marcus-shapira.com
                                           Joshua A. Kobrin (PA ID 318200)
                                           kobrin@marcus-shapira.com
                                           MARCUS & SHAPIRA LLP
                                           301 Grant Street
                                           One Oxford Centre, 35th Floor
                                           Pittsburgh, PA  15219
                                           Telephone: (412) 471-3490
                                           Facsimile: (412) 391-8758

                                           *Counsel for Defendant Giant Eagle, Inc.*

## TABLE OF CONTENTS

I.      **FACTUAL BACKGROUND** ................................................................ 4

II.     **ARGUMENT** ...................................................................................... 4

     A.    *Standard of Review on a Motion to Dismiss* ........................... 4

     B.    *The Court should dismiss Plaintiffs' overtime claims* ........................ 5

          1.    Plaintiffs fail to plausibly allege that they were misclassified as exempt because they rely entirely on an erroneous legal conclusion. ................................................................. 5

          2.    Plaintiffs' trainee claims should also be dismissed .................. 12

     C.    *The Court should dismiss Plaintiffs' FLSA collective action claims* ................ 12

     D.    *The Court should dismiss Plaintiffs' willfulness claim because they fail to plead any intentional or reckless misconduct by Giant Eagle* ....................... 13

III.    **CONCLUSION** .................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 2, 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 2, 4

*Calvo v. B&R Supermarket, Inc.*, 63 F. Supp. 3d 1369, 1374 (S.D. Fla. 2014) ........................... 7

*Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 920-21 (D. Ariz. 2010) ............................... 8

*EEOC v. Westinghouse Elec. Corp.*, 869 F.2d 696, 712 (3d Cir. 1989) ...................................... 15

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ............................... 2, 5

*Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1145 (3d Cir. 1983) ........................... 9, 10

*Hanscom v. Carteret Mortg. Corp.*, Civil Action No. 1:06-CV-2483, 2008 WL 4845832, at *3 (M.D. Pa. Nov. 5, 2008) ....................................................................... 14

*Haskins v. VIP Wireless Consulting*, Civil Action No. 09-754, 2009 WL 4639070, at *5 (W.D. Pa. Dec. 7, 2009) ....................................................................... 1

*Hein v. PNC Fin. Servs. Grp., Inc.*, 511 F. Supp. 2d 563, 570, 575 (E.D. Pa. 2007) .................... 1

*Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *6 (D. Md. Feb. 27, 2012)............ 15

*Itterly v. Family Dollar Stores*, 606 F. App'x 643, 646 (3d Cir. 2015) ....................... 3, 10, 11, 14

*Johnson v. DG Retail LLC*, No. 1:08-CV-123 TS, 2010 WL 1929620, at *4-5 (D. Utah May 13, 2010) ....................................................................... 7

*Lorusso v. HMSHost Corp. et al.*, 6:15cv1013 (M.D. Fl.) ............................................. 2

*Masilionis v. Falley's, Inc.*, 904 F. Supp. 1224, 1228 (D. Kan. 1995) ........................... 7

*Mazzarella v. Fast Rig Support, LLC*, No. 3:13-2844, 2014 WL 2861027, at *4-5 (M.D. Pa. June 23, 2014) ....................................................................... 1

*McIntyre v. Div. of Youth Rehab. Servs.*, 795 F. Supp. 668, 675 (D. Del. 1992) .................. 14, 16

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).......................................... 3, 14, 16

*Murray v. Stuckey's*, 50 F.3d 564, 569 (8th Cir. 1995) ................................................ 8

*Planner v. Bennett Auto Supply*, 05-80982-CIV-RYSKAMP/VITUNAC (S.D. Fl.) .................... 2

*Resnick v. Oppenheimer*, 07-80609-CIV (S.D. Fl.) ....................................................... 2

*Richardson v. Bezar*, No. 15-0772 (E.D. Pa.) .............................................................................. 2

*Rosario v. First Student Mgmt. LLC*, No. 15-6478, 2016 WL 4367019, at *2 (E.D. Pa. Aug. 16, 2016) ............................................................................................................................ 4, 5

*Rummel v. Highmark, Inc.*, No. 3:13-cv-87, 2013 WL 6055082, at *1 (W.D. Pa. Nov. 15, 2013) ......................................................................... 8, 13

*Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14-cv-01094-PMD, 2014 WL 10102245, at *1 (D.S.C. July 14, 2014).............................................................................................. 8

*Soehnle v. Hess Corp.*, 399 F. App'x 759, 749 (3d Cir. 2010)...................................................... 8

*Taylor v. True N. Mgmt.*, No. 2:08-cv-00190, 2009 WL 2243648, at *9-11 (S.D. Ohio July 24, 2009) .................................................................................................................................. 7

*Williams v. Md. Office Relocators, LLC*, 485 F. Supp. 2d 616, 621 (D. Md. 2007) ................... 15

*Wolfslayer v. IKON Office Sols., Inc.*, No. 03-6709, 2004 WL 2536833, at *11 (E.D. Pa. Nov. 8, 2004) ................................................................................................................................ 15

**Statutes**

29 U.S.C. § 201 .............................................................................................................................. 5

29 U.S.C. § 213(a)(1)..................................................................................................................... 6

29 U.S.C. § 255(a) ....................................................................................................................... 13

**Rules**

Fed.R.Civ.P. 12(b)(6)..................................................................................................................... 3

Fed.R.Civ.P. 8(a)(2) ...................................................................................................................... 3

**Regulations**

29 C.F.R. § 541.100 ....................................................................................................................... 3

29 C.F.R. § 541.100(a)................................................................................................................... 6

29 C.F.R. § 541.102 ....................................................................................................................... 7

29 C.F.R. § 541.106(a)................................................................................................................. 10

29 C.F.R. § 541.106(b) ................................................................................................................ 10

29 C.F.R. § 541.700...................................................................................................................... 9, 14

29 C.F.R. § 541.700(b) ............................................................................................... 10

29 C.F.R. § 541.703 .................................................................................................... 9

29 C.F.R. § 541.703(a) ............................................................................................... 8

29 C.F.R. § 541.703(b) ............................................................................................... 8

69 Fed. Reg. 22122, 22137 (Apr. 23, 2004) ............................................................. 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW FITCH,                                   )
RICHARD D'ALESSANDRO, and                       )     Case No. 2:18-cv-01534-DSC-CRE
MICHAELLE HUTCHISON, individually               )
and on behalf of all others similarly situated, )
                                                )
                        Plaintiffs,             )
                                                )
        v.                                      )
                                                )
GIANT EAGLE, INC., d/b/a GETGO CAFÉ             )
+ MARKET,                                       )
                                                )
                        Defendant.              )

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Recent United States Supreme Court case law crystalized the statutory construction that the Court must apply to Fair Labor Standards Act ("FLSA") exemptions. In the past, district courts in this Circuit have declined to adjudicate motions to dismiss FLSA overtime claims, relying, in part, on the principle that they "must narrowly construe the FLSA provisions against the employer seeking to assert the exemptions." *Haskins v. VIP Wireless Consulting*, Civil Action No. 09-754, 2009 WL 4639070, at *5 (W.D. Pa. Dec. 7, 2009).[1] But the Supreme Court's recent opinion in *Encino Motorcars, LLC v. Navarro*, 584 U.S. ___, 138 S. Ct. 1134 (2018) rejected this principle, holding that FLSA overtime exemptions must be given a "fair reading." *Id.* at 1142.[2] Noting that the statute's "exemptions are as much a part of the FLSA's purpose as the overtime-pay requirement," the Court found no basis for a narrow construction

---

[1] *See also Mazzarella v. Fast Rig Support, LLC*, No. 3:13-2844, 2014 WL 2861027, at *4-5 (M.D. Pa. June 23, 2014) (relying on the narrow construal principle to deny defendant's motion to dismiss); *Hein v. PNC Fin. Servs. Grp., Inc.*, 511 F. Supp. 2d 563, 570, 575 (E.D. Pa. 2007) (narrowly construing the Act's exemptions but still concluding that the claim must be dismissed because all of the regulatory factors indicated that the Plaintiff's primary duty was exempt).
[2] The implications of *Encino* for courts applying the FLSA exemptions as a matter of law have already been recognized by other courts. *See, e.g., Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 228 (2d Cir. 2018).

and concluded that the exemption applied in the case.  *Id.* at 1142-43.  In reaching this conclusion, the Supreme Court reversed the Ninth Circuit's opinion on this issue and effectively reinstated the district court's grant of defendant's motion to dismiss on exemption grounds.  *Id.* at 1143 .

A fair reading of the FLSA and its exemptions will lead to a similar result here.  Plaintiffs Andrew Fitch ("Mr. Fitch"), Richard D'Alessandro ("Mr. D'Alessandro"), and Michelle Hutchinson ("Ms. Hutchinson")—all former Giant Eagle/GetGo employees—purport to allege FLSA overtime claims both individually and on behalf of all others similarly situated.  Like the numerous complaints filed by their counsel in other jurisdictions,[3] Plaintiffs' Amended Complaint attempts to show that they are entitled to additional compensation under the FLSA because they: (1) worked more than 40 hours a week; (2) were not exempt from FLSA overtime requirements; and (3) were misclassified as exempt from FLSA overtime requirements.  But the Amended Complaint is inadequate to this task.  Once the Court separates Plaintiffs' legal conclusions from their *de minimis* factual allegations—and closely examines the latter—it becomes clear that their factual allegations do not meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (explaining that a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief").

The Amended Complaint falls far short of stating a plausible FLSA misclassification claim.  All three Plaintiffs allege that they were misclassified as exempt from overtime pay

---

[3] *See, e.g.*, *Richardson v. Bezar*, No. 15-0772 (E.D. Pa.); *Lorusso v. HMSHost Corp. et al.*, 6:15cv1013 (M.D. Fl.); *Resnick v. Oppenheimer*, 07-80609-CIV (S.D. Fl.); *Planner v. Bennett Auto Supply*, 05-80982-CIV-RYSKAMP/VITUNAC (S.D. Fl.).

because they purportedly spent most of their time doing nonexempt tasks.  But a fair reading of the regulations at 29 C.F.R. § 541.100 *et seq.* reveals that allegation as fatally insufficient, because, even if taken as true, it does not show that Plaintiffs were misclassified.  Courts routinely determine that employees who work most of the time on non-exempt tasks are properly classified as exempt from overtime pay.[4]

As for Plaintiffs' trainee claims, Department of Labor regulations only provide that FLSA exemptions do not apply to trainees "who are not actually performing the duties of an [exempt] employee."  29 C.F.R 541.705.  Plaintiffs merely allege that as trainees, they were learning the store's operations.  Such a generic allegation is insufficient to trigger application of Section 541.705 because it fails to show that Plaintiffs did not perform exempt duties as trainees.

Finally, Plaintiffs' "willfulness" allegations, even if taken as true, do not show that Defendant Giant Eagle, Inc. ("Giant Eagle") knew or showed reckless disregard for whether its actions violated the applicable statute.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Accordingly, the Court should dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).[5]

---

[4] *See, e.g.*, *Itterly v. Family Dollar Stores*, 606 F. App'x 643, 646 (3d Cir. 2015).

[5] Plaintiffs' PMWA and OMWA claims should be dismissed along with their FLSA claims. "The PMWA parallels the FLSA in requiring employers to compensate employees for overtime hours worked, and has an identical standard of liability as the FLSA in overtime violation claims." *Alers v. City of Phila.*, 919 F. Supp. 2d 528, 560 (E.D. Pa. 2013); *see also Baum v. Astrazeneca LP*, 372 F. App'x 246, 248-49 (3d Cir. 2010) (applying analysis of overtime compensation violation claims under PMWA and FLSA interchangeably).  Similarly, the FLSA and OMWA may be considered together under federal law because the Ohio statute expressly incorporates the standards and principles found in the FLSA.  *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (citing Ohio Rev. Code § 4111.03(A)). Additionally, Plaintiffs only alleged supplement jurisdiction over Plaintiffs' state claims.  Am. Compl. ¶ 45.  Therefore, if their state claims are not ripe for immediate dismissal along with their

## I.      FACTUAL BACKGROUND

Giant Eagle operates retail convenience stores and gas stations ("GetGos") in Indiana, Maryland, Ohio, Pennsylvania, and West Virginia.  Am. Compl. ¶ 37.  Plaintiffs collectively worked at GetGo stores for just over six years.  *See* Am. Compl. ¶¶ 13, 21, 28.

Consistent with its corporate culture, Giant Eagle refers to many of its managerial and supervisory employees as "Team Leaders."  *See* Am. Compl. ¶ 1.  But "Team Leader" is not the complete job title of anyone in this select group of employees.  As Plaintiffs and their attorneys know, at Giant Eagle, the terms "Team Leader" and "Senior Team Leader" are equivalent to broad terms like "supervisor" or "manager" used at other corporations.  Giant Eagle's "Team Leaders" therefore actually hold a wide variety of different supervisory and management positions, with different job titles, job descriptions, job grades, and compensation (some with salaries, and others with hourly wages who are entitled to overtime).  The employees in these positions supervise as many as dozens of Team Members, and can have annual salaries of up to $80,000.

## II.      ARGUMENT

### A.      *Standard of Review on a Motion to Dismiss*

As noted in a recent FLSA overtime case, following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Rosario v. First Student Mgmt. LLC*, No. 15-6478, 2016 WL 4367019, at *2 (E.D. Pa. Aug. 16, 2016) (citing *Fowler v. UPMC Shadyside*, 578 F.3d

---

FLSA claims, the Court should decline to exercise jurisdiction over them.   28 U.S.C. § 1367(c)(3).

203, 210-11 (3d Cir. 2009)).  "A facially plausible claim may not be supported by conclusory allegations."  *Id.*  Instead it must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

When presented with a motion to dismiss for failure to state a claim, a court must separate the factual and legal elements of the claim.  *Fowler*, 578 F.3d at 210.  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Id*.  The court must then determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim of relief."  *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 556 U.S. at 678).

Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, an employer must pay all of its <u>nonexempt</u> employees an overtime rate for all work over 40 hours per week.  *Encino*, 138 S.Ct. at 1138.  *Encino* makes it clear that in an alleged misclassification case, where the employer did not pay overtime because it classified the employees as exempt but the plaintiff is alleging that the employer's classification was improper, the facts alleged in the complaint, taken as true, must establish misclassification.  *See id.* at 1139; *Navarro v. Encino Motorcars, LLC*, 845 F.3d 925, 927 n.1 (9th Cir. 2017) (Ninth Circuit decision on appeal, after prior Supreme Court remand, noting it was taking as true the facts as alleged in the complaint); *Navarro v. Encino Motorcars, LLC*, 780 F.3d 1267, 1269-70 & n.1 (9th Cir. 2015) (original Ninth Circuit decision before remand noting same and citing complaint for facts).

**B.**   ***The Court should dismiss Plaintiffs' overtime claims***

1.   <u>Plaintiffs fail to plausibly allege that they were misclassified as exempt because they rely entirely on an erroneous legal conclusion</u>.

Plaintiffs' claims are based on the allegation that although Giant Eagle did not pay them overtime because it classified them as exempt from overtime pay, they were not in fact exempt

under the FLSA.  Pursuant to *Encino*, *Twombly*, and *Iqbal*, the Court must now decide whether plaintiffs provide sufficient factual allegations to support their legal conclusion regarding misclassification.  Once Plaintiffs' minimal factual allegations are separated from their legal conclusions, the factual allegations fall short.

The FLSA provides that "[t]he [overtime pay] provisions shall not apply with respect to . . . any employee employed in a bona fide executive, administrative or professional capacity." 29 U.S.C. § 213(a)(1).  To be an exempt "executive" employee, the employee must satisfy four requirements:

1.  Compensation of at least $455/week;
2.  Primary duty is management of a recognized department or subdivision thereof;
3.  Customarily and regularly directs the work of at least 2 or more employees or their equivalent, i.e., work totaling at least 80 regular hours a week; and
4.  Makes recommendations as to hiring, firing, discipline or any other change in status and the recommendation is given "particular weight" by the person/group who makes the ultimate decision.

*See* 29 C.F.R. § 541.100(a).  Plaintiffs make no allegation that they did not qualify as an exempt "executive" employee under Criteria 1, 3, or 4.[6]  Instead, Plaintiffs rely on the unsupported legal conclusion that their primary duties at Giant Eagle did not involve management.

Plaintiffs' factual allegations are not enough to show an entitlement to relief.  The FLSA regulations spell out numerous nonexclusive examples of what constitutes management duties:

1.  interviewing, selecting and training employees;

---

[6] Plaintiffs do allege in conclusory fashion that their <u>primary job duties</u> did not include hiring, firing, disciplining, or directing the work of other employees.  *See* Am. Compl. ¶¶ 142, 177.  But given the qualifier restricting these allegations to their "primary" job duties, this is an allegation that only addresses Criteria 2.  Plaintiffs also allege they did not have "authority to . . . hire, fire, or promote employees."  Am. Compl. ¶ 66.  But the regulation only requires the employee make recommendations that were given particular weight, not that they have the sole authority to make these decisions.  In short, these conclusory and sweeping allegations have been written to avoid stating that Plaintiffs <u>never</u> directed the work of other employees, and <u>never</u> made recommendations as to hiring, firing, or discipline that were given particular weight.

2.      setting and adjusting rates of pay and hours of work;
3.      directing the work of employees;
4.      maintaining production or sales records for use in supervision or control;
5.      appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status;
6.      handling employee complaints or grievances;
7.      disciplining employees;
8.      planning the work;
9.      determining the techniques to be used;
10.     apportioning the work among employees;
11.     determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold;
12.     controlling the flow and distribution of materials and supplies;
13.     providing for the safety and security of the employees or the property;
14.     planning and controlling the budget; or
15.     monitoring or implementing legal compliance measures.

*See* 29 C.F.R. § 541.102.  Courts have also found the following activities to be examples of

management in action:

1.      Monitoring the handling of your products (e.g., checking food temperature and cross-contamination);[7]
2.      Admonishing employees for failure to follow store policy on uniforms, cursing, or using cell phones during work hours;[8]
3.      Following labor law regarding the scheduling of minors and following company policy on avoiding overtime;[9]
4.      Giving customers a substitute product or making refunds;[10]
5.      Controlling shrinkage and monitoring inventory;[11]
6.      Earning a bonus if your department or store succeeds;[12]
7.      Taking calls at home if something comes up at work;[13]
8.      Preparing a list of duties to be followed when you are not personally in the store;[14]
9.      "Writing up" employees to start the disciplinary process;[15]

---

[7] *Calvo v. B&R Supermarket, Inc.*, 63 F. Supp. 3d 1369, 1374 (S.D. Fla. 2014).

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Taylor v. True N. Mgmt.*, No. 2:08-cv-00190, 2009 WL 2243648, at *9-11 (S.D. Ohio July 24, 2009).

[12] *Johnson v. DG Retail LLC*, No. 1:08-CV-123 TS, 2010 WL 1929620, at *4-5 (D. Utah May 13, 2010) (Manager of Dollar General).

[13] *Id.*

[14] *Masilionis v. Falley's, Inc.*, 904 F. Supp. 1224, 1228 (D. Kan. 1995) (Produce Manager).

[15] *Id.*

      10.     Being accountable for the profit and loss of a site;[16] and

      11.     Handling emergencies such as fire, theft, vandalism, or sudden employee absences.[17]

These management activities are referred to as "exempt work."

Exempt work also includes work that is "directly and closely related to exempt work." 29 C.F.R. § 541.703(a). Directly and closely related work "may include physical tasks and menial tasks that arise out of exempt duties, and the routine work without which the exempt employee's exempt work cannot be performed properly." *Id*. Specific examples of such exempt work include tasks such as walking around the store checking customer service or customer preferences and physically distributing merchandise or supplies. *See* 29 C.F.R. § 541.703(b).

Despite this detailed regulatory guidance, the Amended Complaint is bereft of <u>any</u> specifics regarding the totality of Plaintiffs' actual duties during their over six years as Giant Eagle employees. This omission of relevant factual allegations is a notable departure from the other FLSA overtime complaints that survived motions to dismiss, even before *Encino*.[18] Plaintiffs instead makes no attempt at all to apply the governing regulations to their own specific experiences as Senior Team Leaders.

In fact, Plaintiffs make only two types of affirmative allegations regarding duties that they performed, both completely generic:

      1.     They allege that they spent the majority of their time performing duties "<u>including</u> serving customers, breaking down shipments, preparing food,

---

[16] *Soehnle v. Hess Corp.*, 399 F. App'x 759, 749 (3d Cir. 2010).

[17] *Murray v. Stuckey's*, 50 F.3d 564, 569 (8th Cir. 1995) (gas station manager).

[18] *See, e.g.*, *Rummel v. Highmark, Inc.*, No. 3:13-cv-87, 2013 WL 6055082, at *1 (W.D. Pa. Nov. 15, 2013) (describing plaintiff's job duties and the reasons for her overtime hours); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 920-21 (D. Ariz. 2010) (holding plaintiff's complaint—which included a list of job duties—survived "judicial scrutiny under *Iqbal* by the thinnest of threads"); *Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14-cv-01094-PMD, 2014 WL 10102245, at *1 (D.S.C. July 14, 2014) (describing the type of work performed by plaintiff, his daily hours, and other details of his work).

setting up displays, stocking shelves, physically moving merchandise, counting inventory, and cleaning the store."  Am. Compl. ¶ 5 (emphasis added);[19] *see also* Am. Compl. ¶ 64;

2.    They also allege that the "primary duties of Senior Team Leaders are customer service, working on the cash register, stocking the shelves, preparing food, and cleaning the store."  Am. Compl. ¶ 51; *see also* Am. Compl. ¶¶ 126, 155, 167.

As previously discussed, even the enumerated tasks may be exempt, because "[w]ork that is 'directly and closely related' to the performance of exempt work is also considered exempt work."  29 C.F.R. § 541.703.  Accordingly, such generic allegations are deficient even if taken as true, because they do not allege the facts necessary to determine whether that work was nonexempt.

Moreover, Plaintiffs carefully craft these allegations to avoid alleging that they <u>never</u> performed exempt work.  Instead, the Amended Complaint merely alleges that the purported examples of nonexempt work took up the majority of Plaintiffs' working hours, and therefore any non-exempt tasks constituted their "primary duties."  That is a purely <u>legal</u> conclusion.  And in the Third Circuit, it is a clearly erroneous conclusion as well.

The FLSA regulations explain precisely what the term "primary duty" means.  An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs."  29 C.F.R. § 541.700.  A key question in determining relative importance of an employee's duties is whether the enterprise could operate without the services of that employee.  *See Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1145 (3d Cir. 1983) (noting that employee's safety and supervisory functions were essential to operations, regardless of whether they were carried out simultaneously with the performance of nonexempt work).

---

[19] This allegation is so generic, in fact, that it is the exact same list alleged by Plaintiffs' counsel in a parallel case.  *See* Case 2:18-cv-00282-DSC-CRE, Doc. 58 (Amended Complaint at ¶¶ 2, 119; 148, 160).

So by repeatedly alleging, directly and indirectly, that Plaintiffs' "primary job duties" were "non-exempt," the Amended Complaint is merely hitting the right legal buzzwords. Plaintiffs do not support such legal conclusions with actual alleged facts, and the few actual facts alleged by Plaintiffs—the list of duties "included" among the duties they allegedly performed for the majority of their hours—have no bearing on Plaintiffs' "primary duty" as that term is defined in the C.F.R.

Moreover, it is well-established in the Third Circuit that the "primary duty" inquiry does not depend on the employee spending the majority of his time on exempt duties. In fact, "nothing in [the applicable regulation] requires that exempt employees spend more than 50% of their time performing exempt work." 29 C.F.R. § 541.700(b). Accordingly, in *Itterly*, the Third Circuit found that a manager who spent "the vast majority" of his time on nonexempt tasks such as unloading freight, stocking shelves, and running a register, was still exempt because his managerial duties of scheduling associates, assigning work, preparing books, and maintaining safety and security were "essential to the success" of the store. 606 F. App'x. at 646.

Indeed, the FLSA regulations expressly recognize that a manager may perform both exempt and nonexempt activities simultaneously: "Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption." 29 C.F.R. § 541.106(a). The regulations even provide a relevant example, explaining that,

> an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.

§ 541.106(b). When both exempt and nonexempt work is being done simultaneously, the Third Circuit views that work as management. *Itterly*, 606 F. App'x at 647; *Guthrie*, 722 F.2d at 1145

("The record discloses that . . . the safety and supervisory functions of the foremen's positions are uniquely essential to the operation of the mine, and to the extent that these functions are carried out simultaneously with the performance of nonexempt work, we are not persuaded that they must be regarded as nonmanagerial.").[20]

The Third Circuit's fair reading of the "management" exemption is particularly resonant in the context of Giant Eagle's industry. When the Department of Labor (the "DOL") substantially rewrote the FLSA regulations in 2004, it solicited and received comments from dozens of industry organizations. The Food Marketing Institute argued that "it is critically important that proposed section 541.107 [on concurrent duties] state unequivocally that managers shall not be subject to arbitrary percentage time limits on nonexempt work." 69 Fed. Reg. 22122, 22137 (Apr. 23, 2004). The DOL deemed additional language <u>unnecessary</u>:

> The Department believes that sufficient language already is included in this section to make clear that, as stated in current case law, an otherwise exempt supervisory employee does not lose the exemption simply because the employee is simultaneously performing exempt and nonexempt work. The Department also believes that the final section 541.700, defining "primary duty," states clearly that there is no strict percentage limitation on the performance of nonexempt work.

*Id.* Hence, the DOL has expressly recognized that exempt employees retain managerial status even when concurrently performing nonexempt work.

Once the Amended Complaint's purely legal conclusions are set aside, only three factual allegations relevant to Plaintiffs' misclassification claims remain: (1) Giant Eagle classified Plaintiffs as managers; (2) because they were classified as managers, they received a fixed salary even though they might have sometimes worked over 40 hours in a week; and (3) they performed

---

[20] Essentially, the Amended Complaint purports to plead around the Third Circuit's holding in *Itterly*—that even an employee who spends the vast majority of his time performing purely nonexempt tasks may be properly classified as a manager—by asserting an unsupported legal conclusion that these were also Plaintiffs' "primary duties." Again, the Court should disregard such a pure legal conclusion when considering the adequacy of the Amended Complaint.

purportedly nonexempt duties during a majority of their working time.  As a matter of law in the Third Circuit, these allegations are not sufficient to make out a claim for unpaid overtime, and the Court should dismiss the Amended Complaint for failure to adequately plead misclassification.

      2.      <u>Plaintiffs' trainee claims should also be dismissed</u>

Plaintiffs' trainee allegations—which essentially assert that they were improperly exempted from overtime pay while training—are defective for the same reason.  Again, the Amended Complaint avoids any sort of specific, comprehensive allegations as to Plaintiffs' training as Senior Team Leaders.  Instead, the Amended Complaint, once again in generic fashion, merely alleges that trainees had the duty of "learning the operations of GetGo's stores." Am. Compl. ¶¶ 6, 52, 144, 179.[21]  Even taken as true, that generic description does not establish that Plaintiffs' duties were nonexempt, as of course "the operations" of the stores includes any exempt work, and further includes all those duties directly and closely related to exempt work.

Department of Labor regulations only provide that FLSA exemptions do not apply to trainees "who are not actually performing the duties of an [exempt] employee."  29 C.F.R 541.705.  Because Plaintiffs' generic factual allegations about their training, even if taken as true, in no way plausibly assert that they were not performing exempt work as trainees, they fail to adequately plead that they were misclassified as exempt while in training.

**C.**     ***The Court should dismiss Plaintiffs' FLSA collective action claims***

If the Court dismisses Plaintiffs' individual FLSA claims, then their collective action claims should also be dismissed.  *See Bickings v. NHS Human Servs.*, No. 13-2894, 2014 WL 307549, at *4 (E.D. Pa. Jan. 27, 2014).  But Plaintiffs' collective action claims are also

---

[21] Once again, this allegation is so generic, it is the exact same duty alleged by Plaintiffs' counsel in a parallel case.  *See* Case 2:18-cv-00282-DSC-CRE, Doc. 58 (Amended Complaint at ¶¶ 3, 137; 171).

independently subject to dismissal due to their lack of specificity.  The Amended Complaint does not provide any factual allegations about the purported collective action members.  "Where a plaintiff brings suit on behalf of himself and others similarly situated, his complaint should indicate who those other employees are and explain their alleged entitlement to relief." *Rummel*, 2013 WL 6055082, at *8.  Thus, in a typical meritorious FLSA collective action, the individual plaintiff satisfies this requirement by identifying other similarly situated employees known to him.  *Id.* at *9 (noting the "amended complaint contains detailed factual allegations concerning Highmark's departmental structure . . . the job duties of the class members . . . , and the alleged violations of the PMWA and FLSA as related to the class members").

Plaintiffs in this case instead omit any specific factual allegations about any other employees that would support their legal conclusions about such other employees' primary duties.  For this reason, the Court has independent cause to dismiss Plaintiffs' unsupported, conclusory, and indiscriminate collective action claim.  *See Bickings*, 2014 WL 307549, at *4 n.4 (dismissing FLSA collective action claim because "the scant allegations pled on behalf of those similarly situated do not rise to the level of specificity from which the plausibility of the collective class claims can be ascertained").

**D.**     ***The Court should dismiss Plaintiffs' willfulness claim because they fail to plead any intentional or reckless misconduct by Giant Eagle***

Plaintiffs' claims that Giant Eagle's conduct was willful, Am. Compl. ¶¶ 70, 83, 127-30, 136-37, 145, 147-49, 156-59, 168, 181-84, should also be dismissed on independent grounds. Once again, the sparse, non-conclusory factual allegations in the Amended Complaint do not make out any violation, let alone a willful one.

The FLSA imposes a general two-year statute of limitation, with a three-year limitations period for "a cause of action arising out of a willful violation" of the law.  29 U.S.C. § 255(a).

13

While the statute itself does not define the term "willful," in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), the Supreme Court explained that a willful violation of the FLSA occurs when "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133. "The [Supreme] Court thought that construing 'willful' to mean an intentional violation of or reckless disregard for the FLSA was a fair reading of the statutory language" and it "rejected an intermediate interpretation that would have permitted a finding of willfulness based on a negligent or good-faith (but incorrect) assumption that a pay plan complied with the FLSA." *Hanscom v. Carteret Mortg. Corp.*, Civil Action No. 1:06-CV-2483, 2008 WL 4845832, at *3 (M.D. Pa. Nov. 5, 2008). The Supreme Court also "specifically rejected a standard for 'willfulness' based on whether reasonable steps were taken to ensure that one's compliance with the FLSA is adequate under the law." *McIntyre v. Div. of Youth Rehab. Servs.*, 795 F. Supp. 668, 675 (D. Del. 1992) (citing *McLaughlin*, 486 U.S. at 134-35).

The allegations that purport to support Plaintiffs' willfulness claim—even if taken as true—do not show that Giant Eagle acted willfully and are entirely consistent with Giant Eagle's good-faith decision to classify certain employees as exempt. For example, Plaintiffs allege that "upper level management employees . . . actually saw the Plaintiffs and the FLSA Senior Team leader Collective Members primarily perform manual labor and non-exempt duties." Am. Compl. ¶ 127. But under the FLSA, exempt employees can, and often do, perform nonexempt duties. 29 C.F.R. § 541.700; *Itterly*, 606 F. App'x at 647. Similarly, Giant Eagle's decision to pay Senior Team Leaders a salary and not track their hours or pay overtime compensation, *see* Am. Compl. ¶ 130, is a permissible course of action as to management employees that Giant Eagle reasonably concluded were exempt. Rather, "[p]roof of willfulness must be far stronger,

such as evidence that the defendant had previously been investigated for FLSA violations, or evidence of a scheme by the employer to cover-up FLSA violations." *Williams v. Md. Office Relocators, LLC*, 485 F. Supp. 2d 616, 621 (D. Md. 2007); *see also Hurd*, 2012 WL 642425, at *6 (noting courts find willfulness when employers "ignored specific warnings that they were out of compliance with FLSA, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work").

Plaintiffs' suggestion that Giant Eagle obtained a net labor cost benefit when Senior Team Leaders performed nonexempt work, *see* Am. Compl. ¶¶ 123, 129, 156, 168, 181, is also both insufficient to show willfulness and self-serving (and inaccurate) speculation.[22]  Plaintiffs provide no factual allegations regarding comparative wage rates and hours worked, which are necessary to reasonably infer that Giant Eagle received any net labor cost benefit at all from salaried employees performing nonexempt work (as opposed to directing hourly Team Members eligible for overtime to perform the same tasks).

In short, Giant Eagle's alleged behavior does not "even approach[] the 'stubborn non-compliance in the face of contrary judicial authority' required by the Third Circuit's jurisprudence" on FLSA willfulness claims. *Wolfslayer v. IKON Office Sols., Inc.*, No. 03-6709, 2004 WL 2536833, at *11 (E.D. Pa. Nov. 8, 2004) (quoting *EEOC v. Westinghouse Elec. Corp.*, 869 F.2d 696, 712 (3d Cir. 1989)).  Because Plaintiffs' willfulness allegations do not plausibly show that Giant Eagle "knew or showed reckless disregard for the matter of whether its conduct

---

[22] Once again, this speculation about labor costs at GetGo stores is so generic, it is the exact same speculation alleged by Plaintiffs' counsel in a parallel case.  *See* Case 2:18-cv-00282-DSC-CRE, Doc. 58 (Amended Complaint at ¶¶ 116, 122, 149, 161).

was prohibited by the statute," they should be dismissed.  *McLaughlin*, 486 U.S. at 133; *see also McIntyre*, 795 F. Supp. at 675.

### III.   CONCLUSION

After *Encino*, the Court must now apply a fair reading of the FLSA overtime exemptions to determine whether Plaintiffs have adequately pled misclassification pursuant to the general pleading standard in *Twombly* and *Iqbal*.  And according to the Third Circuit's well-established fair reading of FLSA regulations, Plaintiffs—three former Giant Eagle/GetGo employees—have not adequately pled facts showing that their primary duties consisted of the performance of nonexempt work.  Plaintiffs in fact omit <u>any</u> discussion of their exempt duties, and their allegation that their primary duties were their purportedly nonexempt work because they allegedly did such work a majority of their hours is merely an erroneous legal conclusion.  Separate from this erroneous legal conclusion, the actual specific facts that Plaintiffs allege do not make out even a minimal FLSA overtime claim—not for them individually, not for the purported collective action groups, and not as willful violations.  The state claims lack merit for the same reasons.  The Court therefore should dismiss the Amended Complaint.

Dated: January 22, 2019

Respectfully submitted,

*/s/ Brian C. Hill*
Bernard D. Marcus (PA ID 01293)
marcus@marcus-shapira.com
Jonathan D. Marcus (PA ID 312829)
jmarcus@marcus-shapira.com
Erin Gibson Allen (PA ID 76990)
allen@marcus-shapira.com
Brian C. Hill (PA ID 204489)
hill@marcus-shapira.com
Joshua A. Kobrin (PA ID 318200)
kobrin@marcus-shapira.com
MARCUS & SHAPIRA LLP
301 Grant Street
One Oxford Centre, 35th Floor

Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758

*Counsel for Defendant Giant Eagle, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, a true and correct copy of the foregoing was electronically filed and served via operation of the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record entitled to notice who are registered users of ECF.

*/s/ Brian C. Hill*
Brian C. Hill