IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANDREW FITCH, RICHARD D'ALESSANDRO, MICHAELLE HUTCHISON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED;<br><br>   Plaintiffs,<br><br> vs.<br><br>GIANT EAGLE INC,<br><br>   Defendant, | 2:18-CV-01534-DSC |

## REPORT AND RECOMMENDATION

Cynthia Reed Eddy, Chief United States Magistrate Judge.

### I. RECOMMENDATION

This civil action was initiated in this court on November 15, 2018 by Plaintiffs who are a putative class and/or collective of current and former employees of Defendant Giant Eagle. Plaintiffs' complaint sets forth claims to recover unpaid overtime compensation from Giant Eagle under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") and the Ohio Minimum Fair Wage Standards Act, O.R.C §§ 4111.01, *et seq.* ("OMFWSA"). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Presently before the court is motion by Giant Eagle to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 64). For the reasons that follow, it is respectfully recommended that Giant Eagle's motion be denied in its entirety.

1

## II.    REPORT

### a. Background

Named Plaintiffs Andrew Fitch, Richard D'Alessandro, and Michelle Hutchinson (collectively "Plaintiffs") bring this action on behalf of themselves and all similarly situated current and former Senior Team Leaders ("STL") and Senior Team Leader Trainees ("STL Trainees") of Giant Eagle's retail convenience store/gas station "GetGo" to recover unpaid overtime wages. Compl. (ECF No. 54) at ¶¶ 1, 37. Plaintiffs claim that Giant Eagle failed to pay STLs and STL Trainees overtime compensation for the hours worked over forty (40) in one or more weeks because Giant Eagle improperly classified them as exempt from overtime. *Id*. at ¶ 2.

GetGo is a wholly owned subsidiary of Giant Eagle and will be used interchangeably in this report. *Id*. at ¶ 35. Plaintiffs allege that at all relevant times, Giant Eagle employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former STLs and STLs Trainees and maintained control, oversight and direction over Plaintiffs and other STLs and STL Trainees, including with respect to timekeeping, payroll and other employment practices. *Id*. at ¶ 40.

The named Plaintiffs each set out separate instances in which they claim Giant Eagle failed to compensate them for overtime. Plaintiff Andrew Fitch was employed as an STL at several GetGos between March 2015 and April 2017, including a number located in the state of Indiana. *Id*. at ¶ 13. Fitch participated in GetGo's STL training program in approximately March to April 2015 which took place at two GetGo stores located in Pittsburgh, Pennsylvania. *Id*. at ¶ 14. Throughout his employment as a STL and STL Trainee with GetGo, Fitch was scheduled to work as least 45 hours each week, comprising of five 9-hour shifts, though on average he worked approximately 50 to 60 hours a week. *Id*. at ¶ 15. He claims he was not paid premium overtime

compensation for all hours worked over forty in one week. *Id*. at ¶ 17.

Plaintiff Richard D'Alessandro was employed as an STL at GetGo stores located in the state of Ohio between September 2014 and April 2017. *Id*. at ¶ 21. Throughout his employment as an STL, D'Alessandro was scheduled to work 45 hours each week, comprising of five 9-hour shifts, though on average he worked approximately 45 to 50 hours per week. *Id*. at ¶ 22. He claims he was not paid premium overtime compensation for all hours worked over forty in one week. *Id*. at ¶ 24.

Plaintiff Michelle Hutchinson was employed as an STL at GetGo stores located in the Commonwealth of Pennsylvania between January 2015 and February 2017. *Id*. at ¶ 28. She participated in GetGo's STL training program from January to March 2015. *Id*. at ¶ 29. Her training took place at a GetGo store located in Fox Chapel, Pennsylvania. *Id*. Throughout her employment as an STL and STL Trainee, she was scheduled to work at least 45 hours each week, comprising of five 9-hour shifts, though on average she worked approximately 45 to 50 hours per week. *Id*. at ¶ 30. She claims that she was not paid premium overtime compensation for all hours worked over forty in one week. *Id*. at ¶ 32.

Plaintiffs claim that although Giant Eagle considers STLs to be "managers," they are not responsible for true management functions. *Id*. at ¶ 5. Plaintiffs claim that STLs spend the vast majority of their time performing the same duties as non-exempt employees, including working on the cash register, serving customers, breaking down shipments, preparing food, setting up displays, stocking shelves, physically moving merchandise, counting inventory and cleaning the store. *Id*. at ¶ 5, 127. Plaintiffs claim that Giant Eagle underfunded store labor budgets which allowed Giant Eagle to avoid paying additional wages to non-exempt, store-level employees and required STLs to perform the non-exempt tasks and to primarily perform manual labor. *Id*. at ¶¶

125-127. Plaintiffs also claim that STLs did not have any meaningful degree of independent discretion with respect to their exercise of their duties and were required to follow Giant Eagle policies and procedures and additionally had no authority to create or implement management policies for Giant Eagle, commit Giant Eagle in matters having significant financial impact, set employee wages, hire, fire or promote employees, or determine how many labor hours could be allocated to their store. *Id*. at ¶¶ 65-66.

Additionally, Plaintiffs claim that Giant Eagle required STLs to participate in an eight- to twelve-week training program to become STLs. *Id*. at ¶ 140. Plaintiffs claim that Giant Eagle uniformly classified STL Trainees as exempt during training despite requiring the STL Trainees to work overtime during training. *Id*. at ¶ 141. Plaintiffs claim that the primary duties of STL Trainees were non-exempt in nature, did not include management work, and did not include hiring, firing, disciplining or directing the work of other employees. *Id*. at ¶¶ 142-143.

    b. <u>Standard of Review</u>

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough

facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail.

5

*Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

    c. Discussion

        i. *Adequacy of Plaintiff's FLSA Allegations*

The FLSA generally requires employers to pay employees one and one-half times the regular wage for hours worked in excess of forty hours per week. 29 U.S.C.A. § 207(a); *David v. Abington Memorial Hospital*, 765 F.3d 236, 241 (3d Cir. 2014). Not all employees are entitled to overtime pay; "the FLSA exempts many categories of employees from this requirement." *Encino Motorcars, LLC v. Navarro*, --- U.S. ---, ---, 138 S. Ct. 1134, 1138 (2018) *("Encino II")*. Exemptions set forth in the FLSA should be given a fair, rather than a narrow, interpretation. *Id*. at 1142. To state a *prima facie* case under the FLSA, a plaintiff must allege that: "(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) the plaintiff was an 'employee' as defined by the FLSA; and (3) the plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Rummel v. Highmark, Inc.*, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013) (citing 29 U.S.C. § 216(b)); *see also Davis v. Abington Meml. Hosp.,* 765 F.3d 236, 241 (3d Cir. 2014); *Bedolla v. Brandolini,* 2018 WL 2291117, at *3 (E.D. Pa. May 18, 2018); *Mell v. GNC Corp.*, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010) (collecting cases).

Giant Eagle seeks dismissal of Plaintiffs' FLSA claims on the basis that they have not pleaded facts showing that Plaintiffs are not exempt from overtime as executive level employees. Whether an employee is exempt from the overtime requirement of the FLSA is an affirmative defense and the burden of establishing such an exemption falls upon the employer. *Pignataro v. Port Auth. of New York and New Jersey*, 593 F.3d 265, 268 (3d Cir. 2010) (determining exemption

at the summary judgment stage). While neither party addresses the proposition of whether an employee falls within an exemption to the FLSA is an affirmative defense, Giant Eagle argues that the United States Supreme Court's holding in *Encino II* essentially heightened the pleading standing for employees alleging overtime wage violations where the employee is alleging misclassification as an exempt employee. *See* Def.'s Br. (ECF No. 65) at 10-11; Def.'s Reply (ECF No. 72) at 1-3 (arguing that under *Encino II*, "the facts alleged in the complaint, taken as true, must establish classification."). For the reasons that follow, the undersigned declines to extend *Encino II*'s holding to heighten the pleading standard for overtime wage violations.

In *Encino II*, the United States Supreme Court was asked to determine whether "service advisors" who were employees at car dealerships who consult with customers about their servicing needs and sell them servicing solutions were exempt from overtime pay under the FLSA's exemption exempting "salesm[e]n, partsm[e]n, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements[.]" *Encino II*, 138 S. Ct. at 1138. After engaging in statutory interpretation of that specific exemption, the Supreme Court found that service advisors were exempt from the FLSA's overtime requirement. In so finding, it determined that exemptions should not be narrowly construed against the employer because the FLSA gives no "textual indication" that courts should do so, and there was no reason to give exemptions "anything other than a fair interpretation." *Id*. at 1142. While Giant Eagle is correct is its assertion that the Supreme Court stated that exemptions "are as much a part of the FLSA's purpose as the overtime-pay requirement[,]" *id*. at 1142, the Supreme Court did not go as far as to add an element to making a *prima facie* case for overtime wage violations. While *Encino II* certainly changed the landscape with regard to interpreting FLSA exemptions, it did not go as far as to heighten the pleading burden in misclassification cases and provides no guidance that would have

misclassification or application of an exemption an element for making a *prima facie* FLSA cause of action instead of treating it as an affirmative defense.  Of course, that does not mean that affirmative defenses are never considered at the motion to dismiss phase; "[c]ourts have uniformly held that unless it is apparent from the face of the complaint that an exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate." *Jackson v. Sweet Home Healthcare*, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017).  *See also Anzaldua v. WHYY, Inc.*, 160 F. Supp. 3d 823, 826 (E.D. Pa. 2016); *Sloane v. Gulf Interstate Field Services, Inc.*, 2016 WL 878118, at *4-*5 (W.D. Pa. Mar. 8, 2016).  Mindful that these cases were decided without the guidance of *Encino II*, the undersigned believes that if the Supreme Court meant to heighten the pleading burden and add an element to setting forth a *prima facie* case for unpaid overtime wages under the FLSA, it would have done so much more clearly than offering such an important change in one line of dicta.  What further supports a finding that the Supreme Court did not heighten the pleading standard is that it engaged in an exercise of statutory interpretation regarding the affirmative defense of one particular exemption and was able to do so from the face of the complaint and relied on facts which were not in dispute. *Encino II*, 138 S. Ct. at 1137, 1140.  Unfortunately for Giant Eagle, that is not the case here.  It cannot be determined from the face of the complaint as to whether Plaintiffs were properly exempted due to their primary job duties.[1]

Contrary to Giant Eagle's assertions, Plaintiffs provide facts creating a reasonable inference that their positions were not exempt, as they have adequately alleged that they worked over forty-hours as STLs and STL Trainees with no overtime pay and their duties did not differ

---

[1] "Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." *Dooley v. CPR Restoration & Cleaning Services LLC*, 591 Fed. Appx. 74, 76 (3d Cir. 2014) (unpublished) (citing 29 C.F.R. § 541.700(a)).

from hourly employees.  Specifically, Plaintiffs allege that STLs spent a majority of their time working on the cash register, serving customers, breaking down shipments, preparing food, setting up displays, stocking shelves, physically moving merchandise, counting inventory, and cleaning the store and were not responsible for any management duties including, *inter alia*, implementing policies, setting employee wages or hiring, firing or promoting employees.  While Giant Eagle argues that the complaint should be dismissed because Plaintiffs have not pleaded how much of their time was dedicated to the aforementioned duties, Plaintiffs need not plead facts which anticipate or overcome affirmative defenses.[2] *See e.g., Sloane,* 2016 WL 878118, at *5 ("whether a plaintiff falls within a particular exemption under the FLSA overtime provision constitutes a mixed question of law and fact, and ultimately requires courts to examine the historical and record facts.") (collecting cases).  Whether STLs are properly exempt from overtime pay is an issue that may be determined with the benefit of a completed record and at the proper procedural juncture.  Accordingly, it is respectfully recommended that Giant Eagle's motion to dismiss be denied without prejudice to their right to reassert such an argument at the appropriate procedural juncture.

This reasoning applies to STL Trainees as well.  Plaintiffs have adequately alleged that they were not in managerial roles as STL Trainees, were learning company procedures and policies during their training and routinely worked over forty hours per week without overtime compensation.  Whether an exemption applies to STL Trainees may be determined with the benefit

---

[2]  The cases that Giant Eagle cites purportedly supporting dismissal for failure to state a claim were decided at the summary judgment stage, and because of the different standards of review applied to such motions, have little bearing on the instant recommendation. *See* Def.'s Br. (ECF No. 65) at 14-15 (citing *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1143 (3d Cir. 1983) (appeal of summary judgment decision regarding primary duties of employees); *Itterly v. Fam. Dollar Stores, Inc.*, 606 Fed. Appx. 643, 644 (3d Cir. 2015) (unpublished) (appeal of summary judgment decision concerning exemption status of employee)).

of a complete record and at the proper procedural juncture. Accordingly, it is respectfully recommended that Giant Eagle's motion to dismiss be denied without prejudice to their right to reassert such an argument at the appropriate procedural juncture.[3]

### ii. Adequacy of Plaintiffs' FLSA "Willfulness" Claims

Lastly, Giant Eagle argues that Plaintiffs have not alleged sufficient facts showing that Giant Eagle's conduct was willful. Unless a violation under the FLSA was "willful," FLSA claims must be filed within two years. 29 U.S.C. § 255(a). Willful violations of the FLSA may be filed within three years after the cause of action accrues. 29 U.S.C. § 255(a). A FLSA violation is "willful" if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the plain language of the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Generally, whether "there has been a willful violation of the [FLSA] . . . is a question of fact to be determined by the fact finder by examining the evidence at trial." *Mavrinac v. Emergency Medicine Assoc. of Pittsburgh*, 2007 WL 2908007, at *9 (W.D.Pa. Oct.2, 2007); *see also Schwartz v. Victory Sec. Agency, LP*, 2011 WL 3047639, at *4 (W.D. Pa. July 25, 2011); *Burroughs v. MGC Services, Inc.*, 2009 WL 959961, at *5 (W.D. Pa. Apr. 7, 2009). It is too early at this stage in the litigation to determine whether Giant Eagle was willful in determining that Plaintiffs should be exempt from overtime wages as a matter of law. Accordingly, Plaintiffs should be afforded the opportunity to develop evidence to support such a finding through discovery. It is therefore respectfully recommended that Giant Eagle's motion to dismiss as to this argument be denied without prejudice to their right to reassert such an argument at the appropriate procedural juncture.

---

[3] Giant Eagle also argues that if the named Plaintiffs' claims are dismissed, the collective claims and state law claims should also be dismissed. Because it is not recommended that Plaintiff's FLSA claims be dismissed, those derivative arguments will not be addressed here.

      a.  Conclusion

Based on the foregoing, it is respectfully recommended that Giant Eagle's motion to dismiss be denied in its entirety.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, the parties have until **September 3, 2019** to file objections to this report and recommendation.  Unless Ordered otherwise by the District Judge, responses to objections are due **September 17, 2019.**  Failure to file timely objections may constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: August 20, 2019.

                                                                            Respectfully submitted,
                                                                           s/ Cynthia Reed Eddy
                                                                           Chief United States Magistrate Judge

cc:      Honorable David S. Cercone
          Senior United States District Judge
          *via electronic filing*

          Counsel of record
          *via electronic filing*