# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDAN JONES**, **ROBERT LEMUS**, **JASON REED**, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 2:18cv282 Electronic Filing |
| **GIANT EAGLE, INC.**, | ) ) | |
| Defendant. | ) | |

-------------------------------------------------

| | | |
|---|---|---|
| **ANDREW FITCH, RICHARD D'ALESSANDRO, MICHAELLE HUTCHINSON**, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 2:18cv1534 Electronic Filing |
| **GIANT EAGLE, INC.**, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 30th day of September, 2019, upon due consideration of 1) defendant Giant Eagle, Inc.' motions to dismiss and the parties' submissions in conjunction therewith and 2) the Report and Recommendation of the Magistrate Judge addressing the same and the parties' submissions in conjunction therewith, and after *de novo* review of the record, IT IS ORDERED that [64] defendant's motion to dismiss be, and the same hereby is, denied. The [84] Report and Recommendation of the Magistrate Judge as augmented herein is adopted as the opinion of the court.

Defendant's objections are without merit for three fundamental reasons. First, defendant seeks to erect a burden on plaintiffs at the pleading stage that is beyond what is required for notice pleading under Rule 8. As the Report and Recommendation make clear, plaintiffs have set forth sufficient facts to establish a plausible claim of entitlement pursuant to the three causes of action advanced in the First Amended Complaint. As aptly noted by the Magistrate Judge, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The First Amended Complaint satisfies these standards.

Second, undertaking a truncated assessment of plaintiffs' recoverable damages is not warranted at the pleading stage. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different."). They do not require a plaintiff to meet a quantum of proof. Id. A plaintiff meets the pleading standards by advancing factual allegations that present a plausible showing that each element of the claim is or reasonably can be expected to be satisfied. And Twombly and its progeny do not mandate a micro or more nuanced analysis at this juncture. See Crestwood Membranes, Inc. v. Constant Services, Inc., 2016 WL 659105, *6 (M.D. Pa. Feb. 17, 2016) ("While Defendant is correct that i2M will need to prove that consequential damages

2

'were reasonably foreseeable and within the contemplation of the parties at the time they made the contract,' to recover consequential damages for breach of contract [], federal pleading standards simply do not require i2M to prove, in its Complaint, its entitlement to damages for properly stated causes of action."); Smith v. Alien Flier, LLC, 2016 WL 5661747, *4 (W.D. Pa. September 30, 2016) ("Given that plaintiffs have pled causes of action that give rise to the ability to recover punitive damages and the pleading standards do not demand the exacting specificity advocated by Brand 44, the requested damage remedy must be permitted to move forward."). Thus, we decline Giant Eagle's invitation to parse through each component of plaintiffs' claimed damages and scrutinize it for proof that will permit an ultimate recovery.

But even assuming for the sake of argument that Giant Eagle is correct that a complaint must contain the factual content necessary to make it plausible that Giant Eagle's alleged conduct was willful, the Magistrate Judge highlighted factual averments that make such a showing. See Report at 2-4, 9-10. Willfulness is a showing based on a defendant's state of mind during the course of conduct in question in conjunction with the boundaries fixed by the applicable law and regulations. In reading the factual averments and drawing all reasonable inferences therefrom in the light most favorable to plaintiffs, the court is able to draw the inference that defendant's course of conduct plausibly was willful and make the determination that evidence to support this concomitant damage remedy reasonably can be expected to be produced through discovery. Nothing more is required at this juncture.

Finally, defendant's contention that the Magistrate Judge failed to give proper credence to the Court's assessments and holding in Encino II misses the mark. The fundamental flaw in defendant's position is that it seeks to jettison the notion that the exemptions in the FLSA remain affirmative defenses and subject to the pleading standards that govern the impact and evaluation

of such defenses at this juncture.

The Supreme Court's jurisprudence is not to the contrary. Both Encino I and Encino II were centered on the proper level of deference to be given to the most recent version of the Department of Labor's regulation governing the treatment of automobile service advisors. Review of the entire history of the litigation clarifies that the ability of the plaintiffs to proceed at the pleading stage was dependent on the deference to be afforded the Department of Labor's recent flip-flop on an FLSA exemption for automobile salesmen, partsmen and mechanics. After decades of a contrary rule, the most recent version of the regulation no longer extended to the plaintiffs and the defendant challenged the new interpretation as inconsistent with the straightforward language of the statute. The district court noted the authority from other circuit courts upholding the defendant's position and followed it. In discussing the issue presented, the Court of Appeals for the Ninth Circuit acknowledged that a defendant claiming the benefit of an exemption has the burden of demonstrating that it applies. Nothing in the Supreme Court's decisions displaced this tenet.

What differs from Encino II here is that plaintiff's claims do not rise or fall merely on an agency action interpreting the exemption upon which Giant Eagle seeks to rely. Something more is required in order for it to shelter itself from plaintiff's claims on this basis. And in this regard the Magistrate Judge correctly determined that consideration of the matter must await a developed record and the proper procedural juncture.

        s/David Stewart Cercone
        David Stewart Cercone
        Senior United States District Judge

cc: The Honorable Cynthia Reed Eddy,
United States Magistrate Judge

Daniel C. Levin, Esquire
Jason Conway, Esquire
Camar R. Jones, Esquire
Gregg I. Shavitz, Esquire
Logan A. Pardell, Esquire
Michael J. Palitz, Esquire
Bernard D. Marcus, Esquire
Brian C. Hill, Esquire
Erin G. Allen, Esquire
Jonathan D. Marcus, Esquire
Joshua Kobrin, Esquire
Robert M. Barnes, Esquire

(*Via CM/ECF Electronic Mail*)