IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ANDREW FITCH, RICHARD D'ALESSANDRO, MICHAELLE HUTCHISON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED; | ) ) ) ) ) ) | 2:18-CV-01534-DSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GIANT EAGLE INC, | ) ) ) | |
| Defendant, *et al.*, | | |

**MEMORANDUM ORDER**

Presently for consideration is Plaintiffs' motion for equitable tolling (ECF No. 108). The district court wrote at length on this issue and found that equitable tolling was appropriate in this case under this "court's managerial responsibility to ensure timely notice" and the prejudice that potential opt-in plaintiffs would suffer if equitable tolling was not granted. Op. (ECF No. 90) at 9-11. Under the framework of that opinion, the court finds that justice again requires equitable tolling because the statute of limitations for the potential opt-ins continues to run during this lengthy pre-certification stage. The court's issuance of a decision on the pending motion for conditional certification is several months away, there is a pending discovery dispute which requires an evidentiary hearing that will take precedence over the motion for conditional certification, and there are pending motions for summary judgment and pending motions to file documents under seal which will require extensive review prior to being decided. The court does not recount the procedural posture to lay blame as to the cause of the protracted process, but rather to emphasize that none of the delay is attributable to the potential opt-in plaintiffs who have not yet received notice of this lawsuit and will not until a decision is made on the pending conditional

1

certification motion. *See id*. at 10 (citing *Depalma v. Scotts Co. LLC*, 2017 WL 1243134, at *7 (D.N.J. Jan. 20, 2017)).  Moreover, Defendants cannot show how granting the tolling period would prejudice them "beyond the mere shield that the limitations period potentially could provide." *Id*. at 11.

Accordingly, the following Order is entered:

AND NOW, this 10th day of February, 2020,

Upon consideration of Plaintiffs' motion for equitable tolling (ECF No. 108), it is HEREBY ORDERED that said motion is GRANTED.  The statute of limitations for the claims of the potential opt-ins is equitably tolled from October 14, 2019 until fourteen (14) days after the Court issues a decision on Plaintiffs' pending motion for conditional certification and court-authorized notice in these consolidated cases.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge