IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FITCH, RICHARD D'ALESSANDRO, and MICHELLE HUTCHISON, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>GIANT EAGLE, INC. d/b/a GETGO CAFÉ + MARKET,<br>     Defendant. | Civil Action No. 2:18-cv-01534-DSC-CRE<br><br>**THIS MOTION RELATES TO THE *FITCH* ACTION** |
| JORDAN JONES, ROBERT LEMUS and JASON REED, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>GIANT EAGLE, INC.<br>     Defendant. | |

**PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P 56(d)
REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  Pursuant to Fed. R. Civ. P. 56(d), Defendants' Motion for Summary Judgment (ECF No. 134) ("Defendant's Motion") should be denied, or in the alternative, deferred to allow Plaintiffs sufficient time to conduct the discovery necessary to respond.  Though this action has been pending for almost two years, much of the litigation has been focused on Defendant's multiple motions to stay, transfer, and dismiss this and the related *Jones* action.  Recognizing the delays associated with Defendant's motions, the Court granted Defendant's request to take informal discovery for

1

mediation purposes. The discovery consisted almost entirely of the depositions of the named and Opt-In Plaintiffs. The parties have not exchanged initial disclosures or written discovery, and no case management order regarding discovery has been entered by the Court. Plaintiffs have conducted even more limited discovery and will take no substantive merits discovery until after the Court has ruled on Plaintiffs' motion for conditional certification and court-authorized notice (if granted). The record is scant and the Court is not objectively in a position to properly weigh the merits of Plaintiffs' claims or Defendants' defenses including, as it has now been asked to do, the propriety of Defendant's exemption defense. Plaintiffs will be significantly and unfairly prejudiced if they are not permitted the discovery they need to respond to Defendant's Motion.

Accordingly, Plaintiffs cannot on the current record "present facts essential to justify its opposition." Fed. R. Civ. P 56(d). The Court should deny Defendant's Motion or, in the alternative, defer consideration to allow Plaintiffs sufficient time to conduct the discovery necessary to respond. A proposed Order is attached for the Court's consideration.

Dated: February 14, 2020           Respectfully submitted,
       Philadelphia, PA

By: *s/ Jason Conway*
Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
gshavitz@shavitzlaw.com
Camar Jones
cjones@shavitzlaw.com
Logan A. Pardell
lpardell@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831

Michael Palitz
mpalitz@shavitzlaw.com
830 Third Avenue, 5th Floor
New York, NY 10022

Telephone: (800) 616-4000

**CONWAY LEGAL, LLC**
Jason Conway (PA 317113)
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

**LEVIN, SEDRAN & BERMAN**
Daniel C. Levin (PA 80013)
510 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 592-1000
Fax: (215) 592-4663
dlevin@lfsblaw.com

*Attorneys for Plaintiffs and the Putative Collectives and Classes*

## CERTIFICATE OF SERVICE

    I certify that, on February 14, 2020, I caused a copy of this document to be served on all counsel of record via the Court's CM/ECF system.

*s/ Jason Conway*
Jason Conway