# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FITCH, RICHARD D'ALESSANDRO, and MICHELLE HUTCHISON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GIANT EAGLE, INC. d/b/a GETGO CAFÉ + MARKET,<br>Defendant. | Civil Action No. 2:18-cv-01534-DSC-CRE<br><br>**THIS MOTION RELATES TO THE *FITCH* ACTION** |
| JORDAN JONES, ROBERT LEMUS and JASON REED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GIANT EAGLE, INC.<br>Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P 56(d) REGARDING DEFENDANT'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

1

Pursuant to Fed. R. Civ. P. 56(d), Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 134) should be denied, or in the alternative, deferred to allow Plaintiffs sufficient time to conduct the discovery necessary to respond. In support Plaintiffs state:[1]

## INTRODUCTION

After two years of litigation in which Defendant stonewalled these proceedings with multiple motions to transfer and dismiss Plaintiffs' claims, Defendant now hopes to achieve what its earlier motions did not – the end of this action. As before, the Court must reject Defendant's latest tactic. Simply put, Defendant has jumped the gun. While pointing to some evidence to argue that Plaintiffs and all similarly situated Senior Team Leaders ("STLs") (now known as Assistant Team Leaders) were properly classified as exempt, Defendant's Motion cannot properly be decided on that basis. Indeed, merits discovery in this case is at its infancy and the Court is not objectively in a position to properly weigh the merits of Plaintiffs' claims or Defendants' defenses including, as it has now been asked to do, the propriety of Defendant's exemption defense.

In fact, the only discovery the parties have completed is limited, "informal discovery" for purposes of mediation. ECF Nos. 66, and 77; Declaration of Camar Jones, attached hereto as Exhibit A, at ¶3. Defendant knows this because it requested it. *See* ECF Nos. 77, at 2 (granting Defendant's "request to depose 13 of the named Plaintiffs"), and 141-1 (confirming the Court "ordered the parties to commence informal discovery during the pendency of the motions to dismiss with an eye toward mediation"). Jones Decl. at ¶3. Despite its multiple representations that the discovery was necessary for mediation, it is now apparent that Defendant's intention was to procure sufficient discovery to support its motion for summary judgment while, at the same

---

[1] Plaintiffs have simultaneously filed an opposition to Defendant's Motion and incorporate, by reference the instant Motion.

2

time, denying Plaintiffs the evidence they need to fully develop the record and oppose Defendant's Motion. This is regrettable and patently unfair to Plaintiffs who, when Defendant intimated it may move for summary judgment during the November 12, 2019 scheduling conference, indicated that it would be premature as much discovery remained to be completed. Accordingly, the Court should respectfully deny Defendant's Motion.

I.   **PROCEDURAL BACKGROUND**

Plaintiffs commenced this Fair Labor Standards Act ("FLSA") collective action on April 23, 2018, asserting that Defendant willfully misclassified STLs at its GetGo retail store locations as exempt and, in so doing, deprived them of overtime wages. ECF No. 1 *generally*. Prior to filing suit, the parties engaged in an unsuccessful mediation of Plaintiffs' claims. Shortly after filing suit, Defendant attempted to stay the action (*see* ECF No. 13), moved to dismiss it (ECF No. 21), and then transfer it to this District. ECF No. 23. Each of Defendant's motions – the last of which was ultimately decided on September 30, 2019 – were denied. ECF Nos. 38, 40, 92. Defendant's finally filed their Answer on October 21, 2019 (ECF No. 98), almost two years after the case was commenced.

Recognizing that these proceedings will be delayed pending resolution of Defendant's multiple motions to dismiss, the Court granted Defendant's request for limited discovery for purposes of participating in a further mediation. ECF Nos. 66, 77, and 141-1. Defendant subsequently took the depositions of 13 named and Opt-In Plaintiffs across this and the consolidated case involving Team Leaders who worked at Defendant's "Giant Eagle" branded stores (*see Jones, et al. v. Giant Eagle, Inc.*), claiming that "mediation will be more productive if the parties have more information, not less." ECF No. 141-1, at 2; Jones Decl. at ¶6. The parties did not (and have not) participated in formal written discovery and did not (and, at Defendant's

insistence, have not) exchanged their initial disclosures. Jones Decl. at ¶4. In preparation for the depositions of the named and Opt-In Plaintiffs, the Court ordered Defendant to produce to Plaintiffs' counsel a small cache of documents – personnel files, job descriptions, employee handbooks, and store policies – but denied Plaintiffs' request for all other documents Defendant may use at the depositions. ECF No. 77. *Id.* at ¶5. Accordingly, the already limited mediation discovery was truncated further.

Following the conclusion of the period of limited discovery, on December 12, 2019 Plaintiffs moved for conditional certification of their FLSA claims. ECF No. 111. *Id*. at ¶8. That motion is now ripe for determination. *Id.* In response, Defendant filed not only their opposition to the motion for conditional certification, but the instant motion for summary judgment seeking dispositive relief as to the claims of Plaintiffs and all similarly situated STLs. *Id*.; ECF No. 134.

## II. **LEGAL STANDARDS**

### A. **Fed R. Civ. P 56(d)**

"Summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). By its very nature, "the summary judgment process presupposes the existence of an adequate record." *Samuel, Son & Co. v. Beach*, No. 13 Civ. 128, 2013 U.S. Dist. LEXIS 129486 (W.D. Penn. Sept. 11, 2013). Thus, "it is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" *Doe v. Abington Friends Sch*., 480 F.3d 252, 257 (3d Cir. 2007) (quoting *Dowling v. City of Phila*., 855 F.2d 136, 139 (3d Cir. 1988)).

Where, as here, discovery is incomplete – and a motion for summary judgment is premature – Rule 56(d) expressly addresses the issue. *Celotex v. Catrett*, 477 U.S. 317, 326 (1986) (noting

that "any potential problem with . . . premature motions can be adequately dealt with under Rule 56([d])."). The Rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

*See* Fed. R. Civ. P. 56(d). The Rule 56(d) affidavit or declaration must identify: (1) the particular information sought; (2) how such information would preclude summary judgment; and (3) why it was not been previously obtained. *Foye v. Wexford Health Sources Inc.*, 675 Fed. Appx. 210, 214 (3d Cir. 2017) (citations omitted). Relief under Rule 56(d) is properly granted "as a matter of course." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015). Rule 56(d) motions are particularly appropriate where, as here, there is outstanding discovery and one party is prejudiced over another. *See Doe*, 480 F.3d at 252. "If discovery is incomplete a district court is *rarely justified* in granting summary judgment." *Shelton*, 775 F.3d at 568 (emphasis added).

Courts throughout the Third Circuit – including courts in this District – routinely grant relief under Rule 56(d) where the plaintiff needs to conduct substantive and material discovery on the defense (or defenses) which form the basis of the defendant's summary judgment motion. *See e.g.*, *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 14 Civ. 1455, 2015 U.S. Dist. LEXIS 132958, at *6-8 (W.D. Penn. Sept. 30, 2015) (granting plaintiff's Rule 56(d) motion where no discovery had taken place on defendant's "voluntary cessation" defense to an American's With Disabilities Act claim); *Samuel, Son & Co.*, 2013 U.S. Dist. LEXIS 129486, at *14-15 (granting plaintiff's Rule 56(d) motion, and denying defendant's summary judgment motion without prejudice where no discovery had taken place, and explaining that ""the summary judgment

5

process presupposes the existence of an adequate record", and "where discovery is incomplete in any way material to a pending summary judgment motion, a properly supported Rule 56(d) motion should be granted"); *Hodczak v. Latrobe Specialty Steel Co.*, No. 08 Civ. 649, 2009 U.S. Dist. LEXIS 127888, at *14-15 (W.D. Penn. March 9, 2009) (recommending denial of defendant's motion for summary judgment where no discovery had occurred); and *Bell v. Fore Sys., Inc.*, No. 97 Civ. 1265,1999 U.S. Dist. LEXIS 7808, at *29-30 (W.D. Penn. May 25, 1999) (denying defendant's motion for summary judgment where discovery was limited, and defendant refused to produce documents necessary for plaintiff to oppose defendant's summary judgment motion).

In *Alvarez v. BI Inc.*, No. 16 Civ. 2705, 2018 U.S. Dist. LEXIS 83901 (E.D. Pa. May 17, 2018), the court addressed the precise scenario that is presented here:

> "Here, merits discovery has not been completed. The Scheduling Order I issued limited the first phase of discovery to that necessary for Plaintiffs to seek conditional certification of a collective action, with the understanding that full discovery on the merits would follow. Nevertheless, Defendant presses that the discovery taken thus far for the purpose of conditional certification necessarily and extensively reached the merits of Plaintiffs' claims, including Plaintiffs' home visits, such that the factual record is sufficient to decide Defendant's Motion for Partial Summary Judgment."

*Id*. at *31-32. The *Alvarez* court rejected the defendant's contentions, finding additional discovery was necessary to respond to its motion for summary judgment and noting that the fact-specific nature of the defendant's defense required a fully developed record before ruling. *Id*. at *35-38; see also *Diversant, LLC v. Carino*, No. 18 Civ. 3155, 2018 U.S. Dist. LEXIS 165012, at *20 (D.N.J. Sept. 24, 2018) (finding defendant met its "light burden" under Rule 56(d) even though it failed to file a motion to compel regarding the discovery it stated it needed as the basis for its motion); *Pepe v. Cavalry SPV I, LLC*, No. 15 Civ. 08634, 2016 U.S. Dist. LEXIS 68948, at *8-9 (D.N.J. May 26, 2016) (granting Rule 56(d) motion because non-movant had not had "an adequate opportunity to obtain discovery.") (citations omitted); *Keller v. Schering-Plough Corp.*, No. 04

Civ. 669, 2005 U.S. Dist. LEXIS 53398, at *23 (D.N.J. Apr. 20, 2005) (court granted 56(d) motion so plaintiff could conduct discovery on the defense upon which defendant sought summary judgment; even though motion was untimely, without additional discovery the non-movant's position would not be afforded "due regard" as required).

*Tinsley v. Covenant Care Servs.*, LLC, 14 Civ. 0026, 2016 U.S. Dist. LEXIS 11988, at *7-8 (E.D. Mo. Feb. 2, 2016) is more compelling. There, the court granted the plaintiffs' request for relief under Rule 56(d) in order to conduct discovery on the merits of the FLSA exemption which formed the basis of the defendant's motion for summary judgment. The plaintiffs argued that the pre-summary judgment discovery did not address the merits of the plaintiffs' claim, but rather focused on whether the plaintiffs were "similarly situated for the purpose of collective and class actions." *Id*. at *8. The defendant opposed the plaintiffs' Rule 56(d) argument arguing, as Defendant does here, that extensive discovery had occurred, including the production of "7,000 pages of documents from Defendants, . . . depositions, and five of the opt-in Plaintiffs have been deposed." *Id*. The *Tinsley* court granted the plaintiffs' request for relief under Rule 56(d), staying the defendant's motion in order to allow discovery on the exemption defense:

> [t]he Court will grant Plaintiffs' request to stay Defendants' Motion for Summary Judgment as to Defendants' defense that Plaintiffs are exempt employees under the FLSA and as to Defendants' good faith defense. Although significant discovery has been conducted, *the focus of the discovery has been on the issues related to collective and class actions*. Indeed, the Court contemplated that discovery would be conducted in two stages when it issued the Initial Case Management Order (CMO), delineating dates for discovery related to collective and class certification only. (Doc. 25.) *The Court has yet to issue a CMO setting dates for the merits phase of the litigation. It is, therefore, reasonable that Plaintiff would seek additional discovery in order to properly respond to Defendants' argument regarding the central issue in this case of whether Plaintiffs are exempt employees under the FLSA.*

*Id*. at *8-9 (emphasis added); *see also Laney v. Clements Fluids Mgmt*., 2019 U.S. Dist. LEXIS 119287, at *10 (E.D. Tex. May 3, 2019) (because of the fact-intensive nature of the exemptions

7

analysis under the FLSA, summary judgment on the exemption issue cannot be determined until after the close of discovery and deeming motions filed before the close of evidence to be "premature"); *Velasquez v. WCA Mgmt. Co., L.P.*, No. 15 Civ. 02329, 2016 U.S. Dist. LEXIS 112441, at *23-25 (S.D. Tex. Aug. 23, 2016) (same).

### B. The FLSA Executive Exemption

To avail itself of the FLSA's executive exemption, an employer must demonstrate that the employee: (1) is compensated on a salary basis at a rate of not less than $455 per week[2] . . .; (2) has management as the primary duty; (3) customarily and regularly directs the work of two or more other employees; and (4) has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a).[3] On summary judgment, the employer must establish that there is no genuine issue of material fact as to any of these factors and failure to do so requires denial on the motion. *Hickton v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.)*, MDL No. 2056, 2012 U.S. Dist. LEXIS 101096, at *80 (W.D. Penn. July 20, 2012) ("Because . . . [defendant] did not establish the first element of the exemption to the extent required at the summary judgment stage and because . . . [defendant] must prove all elements of the exemption, the court will deny its motion for summary judgment on the basis of the executive exemption."); *Mozingo v. Oil States Energy Servs., L.L.C.*, No. 15 Civ. 529, 2016 U.S. Dist. LEXIS 153922, at *10-11 (W.D. Penn. Nov. 7, 2016) (same). The executive exemption is a factually intensive analysis and the defendant

---

[2] On January 1, 2020, this threshold increased to $684 per week. However, the lower threshold of $455 applies to this case.
[3] Plaintiffs have separately moved for a protective order with respect to Defendant's practice of requiring STLs to sign acknowledgements confirming that they are or are not exempt from overtime compensation. ECF No. 99.

must prove each and every element to prevail on the exemption. *Plaunt v. Dolgencorp, Inc.*, No. 09 Civ. 079, 2010 U.S. Dist. LEXIS 132135, at *32 n. 7 (M.D. Penn. Dec. 14, 2010).

### III. PLAINTIFFS ARE ENTITLED TO CONDUCT DISCOVERY ON THE MERITS OF DEFENDANT'S EXEMPTION DEFENSE

#### A.   Plaintiffs Easily Meet their "Light Burden" under Rule 56(d).

Plaintiffs easily satisfy the Third Circuit's requirements to stay Defendant's Motion in order to conduct substantive and relevant discovery under Rule 56(d).

*First*, the following merits discovery is necessary for Plaintiffs to adequately and effectively respond to Defendant's Motion:

- the depositions of the named and Opt-In Plaintiffs' supervisors, including the supervisors for Andrew Fitch, Heather Gilkey, and Andre Christian, in order to fully ascertain the job duties and requirements of STLs and the merits of Defendant's defenses (including as to the exempt status of STLs). The depositions are necessary to explore, among other things, the level of control exercised over STLs by Defendant, through their store, district, and corporate-level managers; whether STLs exercised independent discretion and judgment or, as Plaintiffs contend, this was exercised by store managers and district and corporate-level managers; and the job duties of Plaintiffs' hourly-paid colleagues and store and district-level managers to compare their job duties with those Plaintiffs and other STLs performed;

- the depositions of the employees whom Defendant contends Plaintiffs and other STLs supervised in order to determine the extent, if any, of their supervisory role; whether STLs or store and district managers delegated work to store employees; which categories of managers outside the store made the final decision to hire and

9

fire store employees; and whether STLs' suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight;

- the depositions of Defendant's corporate representatives regarding its corporately derived store-level policies and procedures and how they controlled, directed, and circumscribed the job duties of STLs; the reasons and basis for its decision(s) to classify STLs as overtime exempt; and its affirmative defense that the decision to classify STLs as exempt was made in good faith and was not willful;

- the deposition of the declarants upon whom Defendant relies in support of summary judgment. Plaintiffs have the absolute right to depose these current employees;[4]

- electronically stored information, including e-mail communications between STLs and their supervisors regarding the performance of their duties; and e-mails between Defendant's corporate-level personnel to store and district-level managers regarding the work to be completed by store employees, including STLs. In Plaintiffs' counsel's experience it is not unusual for hundreds of thousands of pages of documents to be produced by a corporate defendant;

- documents reflecting the rates of pay for STLs compared to those of the hourly employees they allegedly supervised; and

---

[4] *Coffin v. Blessey Marine Servs., Inc.*, No. 11 Civ. 0214, 2011 U.S. Dist. LEXIS 77596, at *6-7 (S.D. Tex. July 8, 2011) (under similar facts the court granted plaintiff's Rule 56(d) motion in an FLSA exemption case and gave plaintiff an extension of time to conduct additional discovery, including the deposition of the witness whose declaration supported the defendant's motion for summary judgment on the asserted exemption).

- documents and testimony related to Defendant's store labor budget which will demonstrate that STLs' primary job duty was to perform non-exempt duties to ensure that the store did not exceed its allocated labor hours.

Jones Decl. at ¶¶ 12, 13, 14.

*Second*, as indicated above, the deposition testimony and documentary evidence will bear directly on the ultimate issues in this case and, as Plaintiffs contend, demonstrate that Plaintiffs' and the STLs' primary duties generally were non-exempt, that Plaintiffs and the STLs performed the same duties as the non-exempt employees they purportedly supervised, and that Defendant improperly classified them as exempt from overtime. *Id*. at ¶ 15. *Indergit v. Rite Aid Corp*., No. 08 Civ. 11364, 2010 U.S. Dist. LEXIS 32322, at *34-35 (S.D.N.Y. March 31, 2010) ("It is obvious to the Court that deposition testimony from, for example, Plaintiff's supervisor and co-workers, and additional document discovery from Rite Aid, could shed light on the material issues of fact [related to the executive exemption]"). At a minimum, this discovery would elicit evidence which would create a genuine issue of material fact thereby requiring denial of summary judgment. *Id.*

*Third*, Plaintiffs were hamstrung in obtaining full and complete discovery prior to Defendant filing its Motion (and remain so). The Court permitted informal discovery and Defendant was permitted to self-select the documents it would produce for the depositions of the named and Opt-In Plaintiffs. In light of Defendant's multiple motions to dismiss and the delay associated with the Court reaching its decision, discovery in this case was limited for mediation purposes. No written discovery has been exchanged, the parties have not exchanged initial disclosures, and no case management order regarding discovery has been entered. In fact, no such discovery will take place until after the Court has ruled on Plaintiffs' motion for conditional certification and court-authorized notice (if granted). Defendant cannot credibly dispute that the

11

discovery to date has been focused on issues related to mediation, rather than the merits of Plaintiffs' claims. ECF No. 66; Jones Decl. at ¶¶4, 5, 7.

That Defendant relies (to a degree) on Plaintiffs' own deposition testimony to support its motion for summary judgment as to certain individuals does not obviate the need for Plaintiffs to conduct full and complete discovery. Under similar facts, the court in *Indergit,* directly addressed and rejected Defendant's contention:

> Plaintiff's deposition, standing alone, does not provide a sufficient factual basis for granting summary judgment given . . . **Plaintiff's showing that there are many other as yet untapped sources of information concerning Plaintiffs' duties and responsibilities**, including, *inter alia*, **corporate records relating to Plaintiff's store and the labor budget, records relating to the classification of certain Rite Aid managers as non-exempt, and testimony from Plaintiff's supervisors and co-workers**.
>
> . . .
>
> Defendants argue that Plaintiff has failed to meet Rule 56(f)'s requirements, however, because he "fails to explain how any deposition or additional documents could materially impact his own admissions." . . . **It is obvious to the Court that deposition testimony from, for example, Plaintiff's supervisor and co-workers, and additional document discovery from Rite Aid, could shed light on the material issues of fact discussed above. While Plaintiff testified at his deposition that he performed many duties that are exempt, this testimony is not – for the reasons already discussed – dispositive of the issues in this litigation**.

2010 U.S. Dist. LEXIS 32322, at *37-38 (emphasis added). Likewise, here Plaintiffs have identified numerous "untapped sources of information concerning Plaintiffs' duties and responsibilities" for which they are entitled to discovery in order to respond to Defendant's Motion.

*Fourth*, the discovery sought by Plaintiffs will likely take several months (or more) to obtain. The documents and depositions required will be significant and substantial. Defendant's search for, and production of, electronically stored information alone will be considerable and, based on Plaintiffs' counsel's prior experience in analogous retail misclassification cases, involve

12

the production of hundreds of thousands of pages of documents (and will likely involve numerous disputes requiring the intervention of the Court). There may also be third-party discovery which, in itself, may entail motions to quash subpoenas. That is to say, postponing consideration of Defendant's Motion for 4, 5, or even 6 months in the hopes that discovery will be completed is not the answer. To do otherwise is to accommodate Defendant's premature Motion to the detriment of Plaintiffs. Respectfully, the Court should allow this case to proceed on a more routine track for these types of FLSA misclassification cases – issue a ruling on Plaintiffs' motion for conditional certification and court-authorized notice and, if granted, permit second stage discovery to proceed and, following its close, rule on the parties' respective motions for summary judgement. Jones Decl. at ¶¶ 14, 15, 17, 19.

### B. Bifurcation of Discovery Further Supports Granting Relief

As the Court is aware, discovery in typical FLSA cases is bifurcated into two stages – the first stage focuses on discovery relative to the issue of conditional certification and, should conditional certification be granted (and after the notice and opt-in period has closed), the second stage focuses on discovery relative to the merits of the claims and defenses of the parties and final certification/decertification of the conditionally certified collective. The general premise of bifurcating discovery was somewhat adopted by the parties here, as reflected in the Rule 26(f) Report. *See* ECF No. 103, at 4 (noting that Plaintiffs will require additional discovery for purposes of, among other things, final certification of any conditionally certified collective including with respect to the basis for Defendant's affirmative defense that STLs are exempt from overtime). Jones Decl. at ¶9.

Bifurcation of discovery, therefore, further Plaintiffs' Rule 56(d) Motion. *See generally*, *Didonato v. U.S. Legal Support, Inc.*, No. 15 Civ. 6035, 2017 U.S. Dist. LEXIS 131224, at *21-

22 (E.D. Penn. Aug. 17, 2017).  In *In re Mushroom Direct Purchaser Antitrust Litig.*, 621 F. Supp. 2d 274 (E.D. Penn. 2009), the court conducted discovery in phases, with the first phase focused solely on one issue.  *Id*. at 282, n.6.  Before the parties could conduct the second phase of full discovery, the defendant moved for summary judgment.  *Id*. The court granted the plaintiffs' Rule 56(d) motion, rejecting the motion for summary judgment as premature under the two-phase discovery plan.  *Id*.

In the context of the FLSA, in *Yoakum v. PBK Architects, Inc*., No. 10 Civ. 0278, 2010 U.S. Dist. LEXIS 109489 (S.D. Tex. Oct. 14, 2010), the court found that bifurcating discovery in an FLSA case between certification issues and merits issues supports granting a Rule 56(d) motion. *Id*. at *8.  By focusing his discovery on certification issues (as intended by the Parties and ordered by the Court) – which do not focus on the merits of the claim – FLSA plaintiffs are prejudiced by a premature motion for summary judgment on the merits.  *Id*. ("Yoakum's focus during discovery was on meeting that fairly lenient standard, not on obtaining enough evidence to survive a motion for summary judgment. Both parties should have sufficient time to fully develop their merits-based arguments before the court considers a motion for summary judgment—particularly when the outcome turns on factual nuances, as in this case.").   Here, the discovery was (1) limited for mediation purposes; (2) informal; and (3) requested by Defendant.  It was more constricted than regular first-stage discovery and, with such a scant record, Plaintiffs will be significantly and unfairly prejudiced if they are not permitted the discovery they need to respond to Defendant's Motion.

## IV.   CONCLUSION

Pursuant to Rule 56(d), Plaintiffs cannot on the present record "present facts essential to justify its opposition."  Accordingly, the Court should deny Defendant's Motion or, in the

14

alternative, defer consideration to allow Plaintiffs sufficient time to conduct the discovery necessary to respond.

Dated: February 14, 2020
       Philadelphia, PA

Respectfully submitted,

By: *s/ Jason Conway*
    Gregg I. Shavitz
    **SHAVITZ LAW GROUP, P.A.**
    Gregg I. Shavitz
    gshavitz@shavitzlaw.com
    Camar Jones
    cjones@shavitzlaw.com
    Logan A. Pardell
    lpardell@shavitzlaw.com
    951 Yamato Road, Suite 285
    Boca Raton, FL 33431
    Telephone: (561) 447-8888
    Fax: (561) 447-8831

    Michael Palitz
    mpalitz@shavitzlaw.com
    830 Third Avenue, 5th Floor
    New York, NY 10022
    Telephone: (800) 616-4000

    **CONWAY LEGAL, LLC**
    Jason Conway (PA 317113)
    1700 Market Street, Suite 1005
    Philadelphia, PA 19103
    Telephone: (215) 278-4782
    Fax: (215) 278-4807
    jconway@conwaylegalpa.com

    **LEVIN, SEDRAN & BERMAN**
    Daniel C. Levin (PA 80013)
    510 Walnut Street
    Philadelphia, PA 19106
    Telephone: (215) 592-1000
    Fax: (215) 592-4663
    dlevin@lfsblaw.com

    ***Attorneys for Plaintiffs and the Putative Collectives and Classes***

## **CERTIFICATE OF SERVICE**

    I certify that, on February 14, 2020, I caused a copy of this document to be served on all counsel of record via the Court's CM/ECF system.

*s/ Jason Conway*
Jason Conway
