IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FITCH, RICHARD D'ALESSANDRO, and MICHELLE HUTCHISON, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>      v.<br><br>GIANT EAGLE, INC. d/b/a GETGO CAFÉ + MARKET,<br>               Defendant. | Civil Action No. 2:18-cv-01534-DSC-CRE<br><br>**THIS MOTION RELATES TO THE *FITCH* ACTION** |
| JORDAN JONES, ROBERT LEMUS and JASON REED, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>      v.<br><br>GIANT EAGLE, INC.<br>               Defendant. | |

**DECLARATION OF CAMAR JONES, ESQ. IN SUPPORT OF
PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P 56(d)
REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

     I, Camar Jones, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

     1.    I am an attorney licensed to practice in the State of Florida. I have been admitted to practice before this Court, *pro hac vice*.

     2.    Together with co-counsel, I represent the named and Opt-In Plaintiffs and the putative class and collective comprising Defendant's Senior Team Leaders ("STLs").

1

3. Pursuant to the Court's Order, the only discovery the parties have completed is limited, "informal discovery" for purposes of mediation. ECF Nos. 66, 77, at 2 (granting Defendant's "request to depose 13 of the named Plaintiffs"), and 141-1 (confirming the Court "ordered the parties to commence informal discovery during the pendency of the motions to dismiss with an eye toward mediation.").

4. The parties did not (and have not) participated in formal written discovery and did not (and, at Defendant's insistence, have not) exchanged their initial disclosures.

5. In preparation for the depositions of the named and Opt-In Plaintiffs, the Court ordered Defendant to produce to Plaintiffs' counsel a small cache of documents – personnel files, job descriptions, employee handbooks, and store policies – but denied Plaintiffs' request for all other documents Defendant may use at the depositions. ECF No. 77.

6. Defendant took the depositions of 13 named and Opt-In Plaintiffs across this and the consolidated case involving Team Leaders who worked at Defendant's "Giant Eagle" branded stores (*see Jones, et al. v. Giant Eagle, Inc.*), claiming that "mediation will be more productive if the parties have more information, not less." ECF No. 141-1, at 2.

7. All of the limited certification written discovery to date that Plaintiffs were permitted to conduct to date was "informal." ECF No. 66.

8. Following the conclusion of the period of limited discovery, on December 12, 2019 Plaintiffs moved for conditional certification of their FLSA claims. ECF No. 111. That motion is now ripe for determination. In response, Defendant filed not only their opposition but the instant motion for summary judgment seeking dispositive relief as to the claims of Plaintiffs and all similarly situated STLs. ECF No. 134.

9. The general premise of bifurcating discovery was adopted by the parties here, as reflected in the Rule 26(f) Report. *See* ECF No. 103, at 4 (noting that Plaintiffs will require additional discovery for purposes of, among other things, final certification of any conditionally certified collective including with respect to the basis for Defendant's affirmative defense that STLs are exempt from overtime).

10. Plaintiffs' response to Defendant's Motion for Summary Judgment ("Defendant's Motion") is due on or before February 20, 2020.

11. Defendant's Motion seeks judgment as a matter of law on the merits without Plaintiffs having had the benefit of conducting full and complete merits-related discovery. The Court should deny Defendant's Motion or, in the alternative, defer consideration until the close of merits discovery.

12. The following merits discovery is necessary for Plaintiffs to adequately and effectively respond to Defendant's Motion:

- the depositions of the named and opt-in Plaintiffs' supervisors, including the supervisors for Andrew Fitch, Heather Gilkey, and Andre Christian, in order to fully ascertain the job duties and requirements of STLs and the merits of Defendant's defenses (including as to the exempt status of STLs). The depositions are necessary to explore, among other things, the level of control exercised over STLs by Defendant, through their store, district, and corporate-level managers; whether STLs exercised independent discretion and judgment or, as Plaintiffs contend, this was exercised by store managers and district and corporate-level managers; and the job duties of Plaintiffs' hourly-paid colleagues and store and

district-level managers to compare their job duties with those Plaintiffs and other STLs performed;

- the depositions of the employees whom Defendant contends Plaintiffs and other STLs supervised in order to determine the extent, if any, of their supervisory role; whether STLs or store and district managers delegated work to store employees; which categories of managers outside the store made the final decision to hire and fire store employees; and whether STLs' suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight;

- the depositions of Defendant's corporate representatives regarding its corporately derived store-level policies and procedures and how they controlled, directed, and circumscribed the job duties of STLs; the reasons and basis for its decision(s) to classify STLs as overtime exempt; and its affirmative defense that the decision to classify STLs as exempt was made in good faith and was not willful;

- the deposition of the declarants upon whom Defendant relies in support of summary judgment. Plaintiffs have the absolute right to depose these current employees;

- electronically stored information, including e-mail communications between STLs and their supervisors regarding the performance of their duties; and e-mails between Defendant's corporate-level personnel to store and district-level managers regarding the work to be completed by store employees, including STLs. In Plaintiffs' counsel's experience it is not unusual for hundreds of thousands of pages of documents to be produced by a corporate defendant;

- documents reflecting the rates of pay for STLs compared to those of the hourly employees they allegedly supervised; and

a. documents and testimony related to Defendant's store labor budget which will demonstrate that STLs' primary job duty was to perform non-exempt duties to ensure that the store did not exceed its allocated labor hours.

13. Plaintiffs have not had an opportunity to conduct merits discovery, much less the discovery specified above.

14. The discovery sought by Plaintiffs will likely take several months (or more) to obtain. The documents and depositions required will be significant and substantial. For example, Defendant's search for, and production of, electronically stored information alone will be considerable and, based on Plaintiffs' counsel's prior experience in analogous retail misclassification cases, involve the production of hundreds of thousands of pages of documents (and will likely involve numerous disputes requiring the intervention of the Court). There may also be third-party discovery which, in itself, may entail motions to quash subpoenas.

15. This discovery will create disputed issues of fact regarding Plaintiffs' job duties which are directly relevant to the executive exemption which lies at the heart of this case.

16. Plaintiffs' inability to complete discovery prior to Defendant filing their Motion for Summary Judgment is no indication that the Plaintiff has not been diligent in pursuing discovery. To the contrary, discovery was limited for purposes of mediation.

17. Now that Plaintiffs have filed their motion for conditional certification and court-authorized notice, should the Court grant their motion (and following the close of the notice and opt-in period and commencement of stage two discovery) they will pursue the above depositions and other discovery necessary to respond to Defendant's Motion.

18.     Plaintiffs will suffer actual and substantial prejudice if not permitted to complete the required discovery. Defendant seeks summary judgment on fact-specific issues which are dispositive of Plaintiffs' claims and Defendant's defenses without allowing a full opportunity to investigate the evidence and prepare a response to Defendant's Motion.

19.     Plaintiffs' request to deny Defendant's Motion or, in the alternative, to defer consideration until the close of merits discovery will not prejudice Defendant. To the contrary, it has been necessitated by Defendant's premature Motion.

20.     Plaintiffs' request is not for delay but, rather, so that justice may be done.

I, Camar Jones, declare under penalty of perjury on this 14th day of February, 2020 in Boca Raton, Florida that the foregoing is true and correct.

_____
Camar Jones