**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW FITCH, ) <br> RICHARD D'ALESSANDRO, and ) <br> MICHAELLE HUTCHISON, individually ) <br> and on behalf of all others similarly situated, ) <br>   ) <br>                 Plaintiffs, ) <br>    v. ) <br>   ) <br> GIANT EAGLE, INC., d/b/a GETGO CAFÉ ) <br> + MARKET, ) <br>   ) <br>                 Defendant. ) <br>   ) <br> JORDAN JONES, ) <br> ROBERT LEMUS, and ) <br> JASON REED, individually and on behalf of ) <br> all other similarly situated, ) <br>   ) <br>                 Plaintiffs, ) <br>    v. ) <br>   ) <br> GIANT EAGLE, INC., ) <br>   ) <br>                 Defendant. ) | Consolidated Civil Action No. <br> 2:18-cv-01534-DSC-CRE <br><br><br><br> **THIS MEMORANDUM RELATES** <br> **TO THE *JONES* ACTION** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER STRIKING MOTION FOR SUMMARY JUDGMENT**

Courts in the Third Circuit often grant summary judgment where Plaintiffs' own testimony during discovery shows they were properly exempt from overtime pay. Defendant Giant Eagle, Inc. ("Giant Eagle") points to precisely that kind of dispositive testimony. After two years of litigation, 15 depositions and production of over 2,900 pages of documents, Plaintiffs identify no particular additional discovery that would—or could—invalidate their own admissions. Nevertheless, this Court struck Giant Eagle's Summary Judgment Motion without opinion and dismissed Plaintiffs' Rule 56(d) motion before Giant Eagle had an opportunity to respond.

Giant Eagle respectfully asks the Court to reconsider its decision. Giant Eagle bases its Summary Judgment Motion on Plaintiffs' own depositions—which included extensive questioning by Plaintiffs' attorneys—and records. Plaintiffs' admissions (supported by the uncontested, uncontradicted affidavits of Giant Eagle employees filed with the motion) establish that the Company properly classified named and opt-in Plaintiffs as executive employees exempt from the overtime regulations of the Fair Labor Standards Act ("FLSA") 29 C.F.R. § 541.100(a). By filing a motion for additional discovery under Rule 56(d), these Plaintiffs acknowledge that they are not similarly situated to the employees they seek to represent and, hence, this case cannot proceed as a collective action.

The Court's ruling not only leaves the door to a collective action open, but also invites discovery that would improperly seek to contradict what Plaintiffs already admitted. The law precludes such a fishing expedition. And despite Plaintiffs' attempts to paint Giant Eagle as delaying the disposition of this litigation, the opposite is true. Giant Eagle urged consolidation of the *Fitch* and *Jones* actions after Plaintiff Fitch abruptly shifted his lawsuit to Indiana for strategic purposes. Giant Eagle pushed for broad discovery while its motion to dismiss was still pending, and Plaintiffs resisted. Now, Giant Eagle seeks a resolution on the merits while Plaintiffs duck their own testimony. Giant Eagle's Motion to Reconsider should be granted.

## ARGUMENT

In accordance with Local Rule 56, Giant Eagle filed a Concise Statement of Material Facts in support of its Motion for Summary Judgment. A party who contests a motion for summary judgment must file its own concise statement of material facts, which responds to each numbered paragraph in the moving party's statement. L.R.56(c). All facts not denied or otherwise controverted by the non-moving party are deemed admitted. *Id.* Plaintiffs did not file any

responsive Concise Statement of Material Facts. Accordingly, Plaintiffs have admitted that their jobs are exempt from the overtime pay regulations of the FLSA.

When faced with the fall-out of these admissions in Giant Eagle's Summary Judgment Motion, Plaintiffs acknowledged that they had no evidence to overcome them. Apart from the technical admission that arises from failing to respond to Giant Eagle's Concise Statement of Material Facts, Plaintiffs <u>affirmatively</u>—in their depositions and their own documents—admitted that they are exempt under the FLSA. To avoid summary judgment, Plaintiffs filed a Rule 56(d) Motion, petitioning this Court for a wholesale fishing license to assist them in finding some kind of evidence to contradict what they have already admitted. It is well established that a party is forbidden from opposing a summary judgment motion by submitting evidence that contradicts its own statements,[1] but even if this were not the rule, Plaintiffs fail to meet requirements for a stay of summary judgment under Rule 56(d). In order to obtain additional time to take discovery and forestall the entry of summary judgment under Rule 56(d), a party must submit a verified statement specifying three things:

1. What particular information is sought,
2. How, if uncovered, it would preclude summary judgment, and
3. Why it has not been previously obtained.

*Pennsylvania Dept. Public Welfare v. Sebelius*, 674 F.3d 139, 156 (3d Cir. 2012); *Glover v. Wells Fargo Home Mortgage*, 629 Fed. Appx. 331, 341 (3d Cir. 2015), *citing Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988). Plaintiff's statement fails on each point.

---

[1] A plaintiff may not contradict its own admissions and avoid a summary judgment by submitting contrary sworn evidence to create a "sham" issue of contested fact. *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247 (3d Cir. 2007).

A.  <u>Plaintiffs Purport to Seek Discovery That is Vague and Broad, not Particular and Specific</u>.

Plaintiffs submit the unsworn certification of their attorney, Camar Jones, to support the proposition that they need to take the following enormous amount of discovery in order to respond to the facts asserted by Giant Eagle:

1. Depositions of all of the Plaintiffs' (unidentified) supervisors, to explore whether Plaintiffs actually exercised the independent discretion and judgment which they have already admitted to have had, and to compare their jobs with the other Team Leaders that they seek to represent for conditional certification.

2. Depositions of all (unidentified) employees that Plaintiffs admittedly supervised, to see if they really did so, and of other (unidentified) Team Leaders to see how delegation of work and hiring/firing decisions were made by others.

3. Depositions of (unidentified) Giant Eagle corporate executives about their policies, how Team Leaders were controlled or supervised, and whether the decision to exempt certain Team Leaders from overtime pay was in good faith.

4. Depositions of the employees or former employees who submitted affidavits supporting the Summary Judgment Motion.

5. Production of all electronically stored information (*e.g.*, e-mail) that references the work and duties performed by Team Leaders likely comprising hundreds of thousands of pages.

6. Documents comparing pay rates for (unidentified) Team Leaders to those of the hourly employees they supervised.

7. Documents relating to the store labor budgets to determine if the stores had a maximum budget for hourly employees.

Rather than "specifying" the "particular information sought", Plaintiffs purportedly seek to depose everyone who ever came into contact with Plaintiffs, obtain every document that might relate to them and review materials that shed no light on the duties they actually performed.  For example, in Request No. 5, Plaintiffs seek all email and other electronic data involving the performance of any duties by Team Leaders.  Plaintiffs readily admit that this request would

4

involve an enormous number of documents, yet Plaintiffs cannot describe with any specificity what those documents might contain that would be relevant to the executive exemption or contradict what the Plaintiffs have already admitted. Plaintiffs also seek information that Giant Eagle already supplied: Plaintiffs already deposed Giant Eagle's corporate executives (#3) about corporate policies and the decision to classify some Team Leaders as exempt supervisory/executive employees.[2]

      B.    <u>None of the General Discovery Requested Would Preclude Summary Judgment on the Exemption Issue</u>.

More to the point, Plaintiffs fail to satisfy the second requirement of Rule 56(d); they do not show how, if acquired, this extensive discovery would preclude summary judgment. Giant Eagle moved for summary judgment because each Plaintiff's own deposition and documents establish by admission that they meet the four elements of the executive exemption to the overtime pay mandate of the FLSA:

1. Plaintiff's salary was more than $455/week;

2. Plaintiff's primary duty was management;

3. Plaintiff customarily and regularly directed the work of two or more employees; and

4. Plaintiff had authority to hire fire, or make recommendations regarding hiring, firing, advancement, promotion or other change of status that was given "particular weight."

*Del Valle v. Office Max North America*, 680 Fed. Appx. 51, 63-64 (3d Cir. 2017) (quoting 29 C.F.R. § 541.100(a))). Rule 56(d) may be invoked to extend discovery only if the specific, particular discovery requested will make a material issue more or less likely. These four factual

---

[2] Deposition of Daniel Guevara (Director of Human Relations for Giant Eagle, East Division) taken August 15, 2019; Deposition of Joshua Hylton (Regional Business Leader, GetGo) taken August 16, 2019.

issues are material to the Summary Judgment Motion.  Where the information sought is not relevant to the court's inquiry, a Rule 56(d) motion for discovery will be denied.  *Hancock Industries v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987).  *See also, Oliver Wincor Nixdorf Corp.*, 2018 WL 515855 (D.N.J. 2018).  The party seeking Rule 56(d) relief has the burden of showing specifically what he/she is looking for and, more importantly, how it would preclude summary judgment.  *McKenna v. Healthcare, Inc.*, 573 Fed. Appx. 190, 192-93 (3d Cir. 2014); *Fenter v. Mondelez Global LLC*, 574 Fed. Appx. 213, 219 (3d Cir. 2014); *Smith v. Depuy Orthopedics, Inc.*, 552 Fed. Appx. 192, 195 (3d Cir. 2014).  A party opposing summary judgment does not have an "absolute right" to take discovery.[3]

None of the seven categories of discovery listed by Plaintiffs are specifically directed to finding out any information about elements 1 or 3 of the exemption (*i.e.*, pay of $455 or supervision of two employees).  Rather, to the extent the discovery requests relate to any issue material to the executive exemption, they focus only on elements 2 and 4, management duties and hire/fire/promotion decisions.  These elements have been conclusively established, however, by the Plaintiffs' own admissions.  Plaintiffs have fully described their jobs.  Nothing that any supervisor, subordinate or corporate representative (request categories 1, 2 and 3) may say about <u>their</u> views of a Plaintiffs' job is going to change that.  The nature of an employee's job is ultimately determined by actual job duties they perform, not by job descriptions of others.  *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010).

---

[3] Plaintiffs' citation to *Coffin v. Blessy Marine Services, Inc.*, 2011 U.S. Dist. Lexis 77596 (S.D. Tex. 2011), does not support the Plaintiffs' alleged proposition that a party has an "absolute right" to depose the persons who supply affidavits in support of a summary judgment.  By Rule 56's own terms, a party who opposes summary judgment does so by citation to the same kind of admissible evidence used by the moving party:  affidavits, depositions and documents.  Neither *Coffin* nor any other authority creates an absolute right in the nonmoving party to take more depositions whenever an affidavit is used in a summary judgment motion.

6

The final two categories of proposed discovery, comparative pay rates and store budgets (requests 6 and 7), similarly do not request information material to the executive exemption. Where, as here, a Plaintiff admittedly performs management activities as his most important and valuable duty and participates in job status decisions affecting others, information about his pay compared to non-management employees and the number of non-management employees the store may have budgeted for does not affect the analysis. Plaintiffs' laundry list of discovery items merely seeks to muddy what is already clear. None of those items is material to the issues raised in the Summary Judgment Motion, and the entry of summary judgment should not be stayed under Rule 56(d) to pursue them.

      C.     <u>Plaintiffs Had Ample Opportunity to take Discovery</u>.

Finally, to the extent that Plaintiffs have demonstrated that any of the discovery they request is material to forming a response to Giant Eagle's Summary Judgment Motion, they have failed to satisfy the third requirement of Rule 56(d)—they have not shown why they did not include this in their discovery before. As this Court is aware (and Plaintiffs admit), Giant Eagle has been pressing for two years to get these lawsuits consolidated and get meaningful discovery underway. Giant Eagle voluntarily produced over 2,900 pages of documents, including policies and job descriptions, and offered its corporate representatives for deposition. Plaintiffs delayed this litigation by filing lawsuits in multiple states and refusing to present all of the named Plaintiffs for deposition. Plaintiffs even initially refused to accept Giant Eagle's offer to depose Giant Eagle's officers until urged by the Court to take the depositions. Now that Giant Eagle moves for summary judgment, Plaintiffs continue to avoid addressing the merits of the case.

Plaintiffs argue that discovery to date has—in their view—only been for the limited purpose of mediation, as if the merits of the case could not be implicated in such discovery. No order exists requiring a two-stage discovery process. No such limitations were placed on the record

at the depositions.  The parties were free to—and did—question the 13 named Plaintiffs and the two Rule 30(b)(6) representatives of Giant Eagle on any and all issues.  No topics were off limits.  Plaintiffs' counsel even questioned their own clients at length on the record.  Plaintiffs seek further discovery not because they had no opportunity to do so before; they just didn't like the answers they got.

Inasmuch as discovery to date has admitted that Plaintiffs meet the criteria for the executive exemption, Plaintiffs seek to "improperly cast a wide discovery net" based on speculation and conjecture that other employees, supervisors, subordinates, or corporate officers might have said something, sometime that would impeach and discredit the Plaintiffs' own testimony.  *Superior Offshore International v. Bristow Group, Inc.*, 490 Fed. Appx. 492, 501 (3d Cir. 2012).  Plaintiffs' Rule 56(d) declaration in no way suggests that Plaintiffs did not actively and fully explore every topic material to the executive exemption in the 15 depositions taken to date.  It does not identify any topic that Plaintiffs did not pursue because they felt that they were constrained to something less than merits discovery.  A Rule 56(d) motion must be denied and summary judgment should proceed where "missing from [Plaintiff's] affidavit is any explanation about how and why the information he sought could not have been obtained" in the substantial discovery that was already taken.  *Hargrave v. Ramsey*, 688 Fed. Appx. 124, 127 (3d Cir 2017).

Plaintiffs' citation to the out-of-district case *Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. Lexis 32322 (S.D.N.Y. 2010) is not to the contrary.  Giant Eagle's Motion for Summary Judgment is based on the admissions of Plaintiffs, and the job descriptions they gave of Team Leader that each meet the four elements of the executive exemption defense.  In *Indergit*, the court did not have facts established by admissions; it found that the plaintiffs' depositions were inconclusive,

and contested issues of material fact still existed. *Indergit* offers no guidance in this case, where Plaintiff's admissions are numerous and consistent.

Since 2010, courts (including this District) have favored the robust use of discovery at the certification stage to flesh out and eliminate issues regarding the scope of duties in FLSA cases. *See, e.g.*, *Swank v. Wal-Mart Stores, Inc.*, 2018 U.S. Dist. Lexis 94113 (W.D. Pa. 2018); *Stallard v. Fifth Third Bank*, 2013 U.S. Dist. Lexis 186531 (W.D. Pa. 2013) (Substantial discovery in the pre-certification period raises the bar plaintiffs must meet in showing they are similarly situated to other potential opt-in plaintiffs). In its summary judgment brief, Giant Eagle cited numerous examples from this Circuit where the District Court granted summary judgment where the admissions of the plaintiffs showed that they were FLSA-exempt.[4] When the evidence shows there is no genuine dispute as to the relevant material facts, summary judgment at even the pre-certification stage is appropriate. *Scott v. SSP Am. Inc.*, 2011 WL 1204406 (E.D.N.Y. 2011).

## CONCLUSION

Plaintiffs have fully admitted the facts establishing that their jobs as Team Leaders meet the four criteria for the executive exemption to the FLSA overtime pay regulations. No amount of further discovery is going to change that. Even if that were not so, Plaintiffs have not explained why they failed to obtain the information they desire through the substantial discovery

---

[4] *Itterly v. Family Dollar Stores, Inc.*, 606 Fed. App'x 643, 644-49 (3d Cir. 2015); *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1144-47 (3d Cir. 1983); *Simpson v. Prince Telecom, LLC*, Civil Action No. 14-1211-SLR-SRF, 2017 U.S. Dist. LEXIS 48481, at *12-23 (D. Del. Mar. 31, 2017); *Hudson v. Absecon Emergency Servs.*, No. 14-6419 (RMB/AMD), 2016 U.S. Dist. LEXIS 129602, at *31 (D.N.J. Sep. 22, 2016); *cf. also Rosano v. Twp. of Teaneck*, 754 F.3d 177, 188 (3d Cir. 2014) (affirming summary judgment for Defendant who showed Plaintiffs were properly exempted under the fire protection and law enforcement exemption in 29 U.S.C. § 207(k)); *Paul v. UPMC Health Sys.*, Civil Action No. 06-1565, 2009 U.S. Dist. LEXIS 19277, at *34-35 (W.D. Pa. Mar. 10, 2009) (administrative exemption); *Kelly-Myers v. Mercy Health Sys. of Se. Pa.*, No. 16-5194, 2017 U.S. Dist. LEXIS 160970, at *11-19 (E.D. Pa. Sept. 29, 2017) (same).

opportunities offered by this Court and by Giant Eagle to date. Plaintiffs cannot ask for more discovery on the employees they seek to represent and at the same time claim that they are similarly situated to these other employees for certification purposes. The obvious conclusion is that they are not similarly situated. Giant Eagle's uncontested, uncontroverted Statement of Material Facts amply establishes, by citations to depositions and documents of the Plaintiffs themselves, that its Team Leaders are exempt from the overtime pay regulations of the FLSA. Giant Eagle respectfully requests that Plaintiffs' Motion under Fed.R.Civ.P. 56(d) be denied and that summary judgment be entered in favor of Giant Eagle on the First, Third, and Fourth Causes of Action in the Second Amended Complaint in the *Jones* Action. In the alternative, summary judgment should be entered in favor of Giant Eagle on the First, Third, and Fourth Causes of Action as to Amanda Frawley, Samantha Bosma, Danielle Graham-Robinson, Heather Gilkey, Andre Christian, and Jason Reed.

Dated: February 27, 2020                                   Respectfully submitted,

*/s/ Jonathan D. Marcus*
Bernard D. Marcus (PA ID 01293)
marcus@marcus-shapira.com
Jonathan D. Marcus (PA ID 312829)
jmarcus@marcus-shapira.com
Erin Gibson Allen (PA ID 76990)
allen@marcus-shapira.com
Brian C. Hill (PA ID 204489)
hill@marcus-shapira.com
Joshua A. Kobrin (PA ID 318200)
kobrin@marcus-shapira.com
Elly Heller-Toig (PA ID 33244)
ehtoig@marcus-shapira.com

MARCUS & SHAPIRA LLP
301 Grant Street
One Oxford Centre, 35th Floor
Pittsburgh, PA  15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758

*Counsel for Defendant Giant Eagle, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, a true and correct copy of the foregoing was electronically filed and served via operation of the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record entitled to notice who are registered users of ECF.

/s/ Jonathan D. Marcus
Jonathan D. Marcus