# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FITCH,<br>RICHARD D'ALESSANDRO, and<br>MICHAELLE HUTCHISON, individually<br>and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>GIANT EAGLE, INC., d/b/a GETGO CAFÉ<br>+ MARKET,<br><br>          Defendant.<br><hr><br>JORDAN JONES,<br>ROBERT LEMUS, and<br>JASON REED, individually and on behalf of<br>all other similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>GIANT EAGLE, INC.,<br><br>          Defendant. | Consolidated Civil Action No. 2:18-cv-01534-RJC-CRE |

## MEMORANDUM ORDER

Before the Court are the Objections (ECF No. 172) to Orders on Motions for Summary Judgment filed by Defendant Giant Eagle, Inc. ("Giant Eagle"). Giant Eagle challenges Chief Magistrate Judge Cynthia Reed Eddy's February 20, 2020 Order (ECF No. 157) in the above-captioned matters striking Giant Eagle's Motions for Partial Summary Judgment (ECF Nos. 130 and 134) without prejudice and Judge Eddy's March 31, 2020 Order (ECF No. 166) denying Giant Eagle's Motions for Reconsideration (ECF Nos. 158 and 160) of Judge Eddy's February 20, 2020

1

Order.  Plaintiffs filed a Response in Opposition (ECF No. 174) to Giant Eagle's Objections on April 28, 2020, and Giant Eagle filed a Reply (ECF No. 175) on May 4, 2020.  This matter is now ripe for disposition.

>Judge Eddy's February 20, 2020 Order provides:
>
>TEXT ORDER: Defendants' motions for summary judgment [ECF No.] 130 an[d] [ECF No.] 134 are stricken without prejudice to be refiled following discovery on the matter upon scheduling order of court.  Likewise, the attendant motions at [ECF No.] 126, [ECF No.] 127, [ECF No.] 146, [and] [ECF No.] 149 are dismissed without prejudice.

ECF No. 157.  The February 20, 2020 Order dismissed Giant Eagle's Motions for Partial Summary Judgment, as well as Plaintiffs' Motions for Relief Pursuant to Fed. R. Civ. P. 56(d) (ECF Nos. 146 and 149), without prejudice.  *Id.*  Judge Eddy's March 31, 2020 Order provides: "TEXT ORDER denying re [ECF No.] 160 Motion for Reconsideration filed by GIANT EAGLE INC [and] [ECF No.] 158 Motion for Reconsideration filed by GIANT EAGLE INC as set forth in this court's prior [ECF No.] 157 Order."  ECF No. 166.

The parties disagree as to what standard of review should be applied by this Court in considering the Objections and Orders at issue.  A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id.*  Plaintiffs argue that this Court should apply "the clearly erroneous/contrary to law standard" in resolving Giant Eagle's Objections because Judge Eddy's February 20, 2020 Order dismissing Giant Eagle's Motions for Partial Summary Judgment was a discovery order.  Resp. in Opp'n 5, ECF No. 174.

Giant Eagle argues that, because Judge Eddy did not explicitly grant or deny, but rather dismissed without prejudice, Plaintiffs' Rule 56(d) Motions by way of her February 20, 2020 Order, the Court's review should be strictly limited to the striking of Giant Eagle's Motions for Partial Summary Judgment. Reply in Supp. 4 n.2, ECF No. 175. A motion for summary judgment is a dispositive motion, and objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. Fed. R. Civ. P. 72(b)(3). After de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. The Court notes that Judge Eddy did not reach the merits of Giant Eagle's Motions for Partial Summary Judgment, and thus, there was no disposition of those Motions as that term is typically used for purposes of de novo review.

Whatever standard of review is applied, this Court is without an explicit basis for dismissal of Giant Eagle's Motions for Partial Summary Judgment without prejudice in this case. Federal Rule of Civil Procedure 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Moreover, the text of the Rule does not require that the party who opposes summary judgment by filing an affidavit or declaration must thereafter move for discovery. Rather, the Rule simply allows the court to respond to a Rule 56(d) affidavit or declaration by

'allow[ing] time ... to take discovery.'" *Shelton v. Bledsoe*, 775 F.3d 554, 567 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(d)).

Judge Eddy's February 20, 2020 Order dismissed Giant Eagle's Motions for Partial Summary Judgment "without prejudice to be refiled following discovery on the matter upon scheduling order of court." ECF No. 157. Plaintiffs' Rule 56(d) Motions argued that merits discovery is in its infancy in this matter, and requested that the Court deny or defer decision on Giant Eagle's Summary Judgment Motions to "allow Plaintiffs sufficient time to conduct the discovery necessary to respond" to Giant Eagle's Motions. Br. in Supp. of Mot. for Relief Pursuant to Fed. R. Civ. P. 56(d) 2, ECF No. 150. While Judge Eddy's February 20, 2020 Order clearly afforded Plaintiffs their requested relief, that Order also explicitly dismissed, and did not grant, Plaintiffs' Rule 56(d) Motions. ECF No. 157. It could very well be that Judge Eddy considered Giant Eagle's Motions for Partial Summary Judgment to be premature. Indeed, this is, in fact, the only reasonable or plausible interpretation of Judge Eddy's February 20, 2020 Order, when taken in context. The Court's reading of Rule 56(d), as well as the Third Circuit's decision in *Shelton v. Bledsoe*, 775 F.3d 554 (3d Cir. 2015), however, is that the Rule requires the court to address a Rule 56(d) request, and explain why it was granted, especially in light of the fact that, under Fed. R. Civ. P. 56(b), motions for summary judgment may be filed at any time until thirty days after the close of all discovery and because courts routinely grant Rule 56(d) motions upon an appropriate showing by the movant. *See Shelton*, 775 F.3d at 568.

While Giant Eagle argues that Plaintiffs' Motions for Relief Pursuant to Fed. R. Civ. P. 56(d) were inadequate, Judge Eddy did not issue a decision on the merits with respect to Plaintiffs' Rule 56(d) Motions in the Orders at issue. To the extent that Giant Eagle argues that this Court should summarily grant Giant Eagle's Summary Judgment Motions based upon Plaintiffs' failure

4

to file a responsive concise statement pursuant to Local Rule 56.C.1 and/or comply with Federal Rule of Civil Procedure 56(c), the Court notes that the United States Court of Appeals for the Third Circuit has explained that "[t]he procedure by which the party opposing summary judgment submits an affidavit or declaration under Rule 56(d) *supplants* the procedure that would otherwise follow under Rule 56(c) if facts were available to the nonmovant." *Shelton v. Bledsoe*, 775 F.3d 554, 567 (3d Cir. 2015) (emphasis added) (citing 10B C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. § 2740 (3d ed. 2005)).  Plaintiffs opposed Giant Eagle's Motions for Partial Summary Judgment in this action by filing Motions pursuant to Fed. R. Civ. P. 56(d).[1]  A Rule 56(d) Motion must be considered before a court can grant a motion for summary judgment.  *Shelton*, 775 F.3d at 568.  Because Plaintiffs' Rule 56(d) Motions have not been decided on the merits, Giant Eagle's assertion that this Court should summarily grant Giant Eagle's Motions for Partial Summary Judgment based upon Plaintiffs' failure to file a responsive concise statement pursuant to Local Rule 56.C.1 and/or comply with Federal Rule of Civil Procedure 56(c) is without merit.

The Court finds, however, even in the absence of an express decision respecting Plaintiffs' Rule 56(d) Motions, that Judge Eddy had discretion, pursuant to Fed. R. Civ. P. 16(b)(4), to modify the schedule in this matter to allow for additional time to complete necessary discovery, including the commencement of full, merits-based discovery, before deciding Giant Eagle's Motions for Partial Summary Judgment.  The Court notes that "a magistrate judge has wide-ranging authority to conduct discovery in the manner he or she deems fit." *Net2phone, Inc. v. Ebay, Inc.*, No. CIV. A. 06-2469 (KSH), 2008 WL 4755612, at *1 (D.N.J. Oct. 27, 2008).  Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the

---

[1] The Court also notes that Fed. R. Civ. P. 56(e) provides: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact . . . ."  As such, it does not follow that Giant Eagle is entitled to summary judgment as a matter of course simply because Plaintiffs did not file responsive concise statement.

5

judge's consent." In *Konopca v. FDS Bank*, No. 15-cv-1547 (PGS)(LHG), 2016 WL 1228844 (D.N.J. Mar. 29, 2016), a district judge upheld a magistrate judge's order which stayed a motion for summary judgment and allowed for the completion of discovery after the original deadline for discovery had passed. *Konopca*, 2016 WL 1228844 at *1. In *Konopca*, the magistrate judge was similarly faced with a Rule 56(d) motion, but did not rule on that motion. *Id.* at *2. Instead, the magistrate judge exercised her discretion under Rule 16(b)(4) to modify a discovery schedule. *Id.* The *Konopca* court applied the clearly erroneous/contrary to law standard in considering the objections that had been filed in that case. *Id.* at *1.

In the present case, it is clear that discovery commenced early in the case, that the parties continue to conduct discovery, that the parties have requested the involvement of Judge Eddy regarding discovery matters on several occasions, and that Judge Eddy has directed much, if not all, of the discovery that has taken place so far. *See* ECF No. 66; ECF No. 77; ECF No. 80; ECF No. 83; ECF No. 94; ECF No. 95; ECF No. 97; ECF No. 103; ECF No. 105; ECF No. 106; ECF No. 114; ECF No. 122; ECF No. 124; ECF 141 Ex. A; ECF No. 154; ECF No. 156. A review of the docket in this case reveals that discovery commenced prior to the filing of Giant Eagle's Answer, and that the parties continued to exchange discovery following the initial case management conference in this matter. Accordingly, while a formal case management order has not been entered in this matter and no specific deadline for full, merits-based discovery has been set, it is clear that Judge Eddy has, at the request of the parties, taken an active role in scheduling and directing discovery in this matter. The Court further notes that Giant Eagle took no issue with Judge Eddy's Orders (ECF Nos. 124, 125, and 155) which granted Giant Eagle's requests to

modify the schedule in this matter.[2]  For the reasons discussed above, the Court finds that Judge Eddy had discretion, under Fed. R. Civ. P. 16(b)(4), to modify the schedule in this matter with respect to discovery.  Further, taken in context, it is unavoidably clear the Judge Eddy's February 20, 2020 Order was intended to exercise this discretion to address the discovery schedule in this matter such that Fed. R. Civ. P. 16(b)(4) could serve as the basis for dismissal without prejudice of Giant Eagle's Motions for Partial Summary Judgment.

Judge Eddy's February 20, 2020 Order provides that Giant Eagle's Motions were stricken "without prejudice to be refiled *following discovery on the matter* upon scheduling order of court." ECF No. 157 (emphasis added).  Plaintiffs' Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) avers that only limited, informal discovery has taken place thus far, and that merits-based discovery is in its infancy.  Pl. Mot. for Relief 2, ECF 147.  This constitutes good cause for the modification of a discovery schedule pursuant to Fed. R. Civ. P. 16(b)(4) to allow for merits discovery to begin before consideration of motions for summary judgment, especially given the fact that discovery is often bifurcated in FLSA cases.  *See Yoakum v. PBK Architects, Inc.*, No. CIV.A. H-10-00278, 2010 WL 4053956, at *2 (S.D. Tex. Oct. 14, 2010).[3]

The Court further notes that, even absent its finding that Judge Eddy had discretion under Fed. R. Civ. P. 16(b)(4) to dismiss Giant Eagle's Motions for Partial Summary Judgment, this Court, based upon its own independent review of Plaintiffs' Rule 56(d) Motions, would have found that additional discovery is necessary in this matter before Giant Eagle's Motions for Partial

---

[2] Each of Giant Eagle's Motions (ECF Nos. 122, 123, and 154) that resulted in these Orders sought extensions of discovery or response deadlines or the rescheduling of an evidentiary hearing.  The deadlines and hearing were originally set and scheduled by Judge Eddy's Hearing Memo/Minute Entry (ECF No. 106) dated November 12, 2019.
[3] The Court notes that, in *Yoakum*, the United States District Court for the Southern District of Texas denied a motion for summary judgment without prejudice to be renewed after the parties had engaged in merits-based discovery even though the party opposing summary judgment in *Yoakum* failed to seek relief under Fed. R. Civ. P. 56(d).  *Yoakum*, 2010 WL 4053956, at *3.  While the *Yoakum* court referred to Fed. R. Civ. P. 56(f), the Court notes that "Federal Rule of Civil Procedure 56(d) was previously numbered 56(f), thus some previous case law refers to 56(f)."  *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014).

Summary Judgment can be adequately addressed. The Court notes "that district courts usually grant properly filed requests for discovery under Rule 56(d) 'as a matter of course,' whether the nonmovant's response to a summary judgment motion is characterized as a motion, affidavit, or declaration." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309-10 (3d Cir. 2011)). Plaintiffs sufficiently set forth the additional discovery they seek, why that discovery may preclude summary judgment, and why it had not been previously obtained, as is required of a Rule 56(d) Motion. *See Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 214 (3d Cir. 2017). To date, discovery in this FLSA action has been primarily focused on mediation and the issue of conditional certification, and this Court would thus find that Giant Eagle's Motions for Partial Summary Judgment are premature. *See Alvarez v. BI Inc.*, No. CV 16-2705, 2018 WL 2288286, at *10 (E.D. Pa. May 17, 2018); *Tinsley v. Covenant Care Servs.*, LLC, No. 1:14CV00026 ACL, 2016 WL 393577, at *3 (E.D. Mo. Feb. 2, 2016). As such, though the basis for this Court's decision remains Judge Eddy's discretion under Fed. R. Civ. P. 16(b)(4), this Court ultimately would have modified Judge Eddy's February 20, 2020 Order had it found otherwise. The Court would have considered Plaintiffs' Rule 56(d) Motions in determining whether to accept, modify, or reject Judge Eddy's Order dismissing Giant Eagle's Motions for Partial Summary Judgment, and would have independently found that Plaintiffs' Motions for Rule 56(d) Relief should have been granted. As such, Giant Eagle's Motions for Partial Summary Judgment would have been dismissed without prejudice even if the Court had determined that Fed. R. Civ. P. 16(b)(4) was inapplicable in this action.

While the February 20, 2020 Order in this matter is technically not buttressed by explicitly stated rationale, it remains unavoidably clear that the basis for the Order was the need for ongoing discovery in this matter. As discussed above, the Court finds that Judge Eddy had discretion,

8

pursuant to Fed. R. Civ. P. 16(b)(4), to modify the schedule in this matter to allow for additional time to complete necessary discovery and to dismiss Giant Eagle's Motions for Partial Summary Judgment without prejudice to be refiled following such discovery. As such, the Court must determine whether Judge Eddy's Orders in this matter are clearly erroneous or contrary to law in evaluating Giant Eagle's Objections. *See Konopca*, 2016 WL 1228844 at *1. For the reasons discussed above, the Court finds that Judge Eddy's dismissal of Giant Eagle's Motions for Partial Summary Judgment, without prejudice, pursuant to Fed. R. Civ. P. 16(b)(4) was not clearly erroneous or contrary to law. Accordingly, it is hereby ORDERED that Giant Eagle's Objections (ECF No. 172) to Judge Eddy's February 20, 2020 Order (ECF No. 157) and March 31, 2020 Order (ECF No. 166) are overruled, and the Court accepts and approves Judge Eddy's disposition of Giant Eagle's Motions for Partial Summary Judgment (ECF Nos. 130 and 134).

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Court Judge

DATED: July 23, 2020
cc/ecf: All counsel of record