IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JORDAN JONES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILIARLY SITUATED; | ) ) ) ) | |
| Plaintiff, | ) ) | 2:18-CV-00282-DSC-CRE |
| vs. | ) ) ) | |
| GIANT EAGLE, INC., | ) ) | |
| Defendant. | ) ) ) | |
| ANDREW FITCH, | ) ) ) | |
| Plaintiff, | ) ) | 2:18-cv-01534-DSC-CRE |
| vs. | ) ) ) | |
| GIANT EAGLE INC, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER[1]**

Presently before the court is Plaintiffs' motion for protective order (ECF No. 99) which seeks to bar Defendant Giant Eagle from using an "Executive Exemption Acknowledgment" ("EEA") form with its employees who are current and potential collective and class members to these overtime wage violation lawsuits.[2]

These cases were filed on March 6, 2018 and November 15, 2018 respectively against

---

[1] Discovery matters are non-dispositive under 28 U.S.C. § 636(b)(1)(A). *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

[2] While separate motions were filed under each case caption because the filing of the motions predated the court's consolidation order, the motion and attendant briefing are identical in substance in each case and will be decided together. The parties are reminded to consolidate all future motions and filings in this case per the court's prior consolidation order.

1

Giant Eagle alleging that it is in violation of the Fair Labor Standards Act ("FLSA") and multiple state laws for failing to pay overtime by improperly classifying certain employees as exempt under the Act. Plaintiffs seek to certify a collective/class under the FLSA and a class under Federal Rule of Civil Procedure 23. Specifically, the putative class alleges that Giant Eagle misclassified Team Leaders and Senior Team Leaders (collectively "S/TLs") as exempt from overtime compensation for all hours worked in excess of 40 in a work week, including during the period they were required to complete mandatory training. Giant Eagle maintains that some S/TLs "are paid by the hour and are eligible for overtime pay, while some but not all others that qualify under applicable law are paid a salary." Colarik Dec. (ECF No. 106-1) at p. 8.

Turning to the discovery dispute presently at issue, Giant Eagle engages in bi-annual performance reviews of its S/TLs to, *inter alia*, praise S/TLs for successes, identify and improve on weaknesses, address questions or concerns raised by S/TLs and as an "opportunity for [it] to have a conversation with [S/TLs] to confirm that they are properly compensated." Colarik Dec. (ECF No. 106-1) at p. 10. Historically during these reviews, store and regional leaders evaluated, and S/TLs self-evaluated, the S/TLs' management skills and assessed whether S/TLs met expectations with respect to management duties. *Id*. at p. 11. If there was any discrepancy between an S/TL's expected and actual duties which would affect the S/TL's exemption status, Giant Eagle would make appropriate adjustments to the S/TL's training or exemption status. *Id*.

Beginning in February 2018, Giant Eagle started using the EEA form as part of their semi-annual employee performance review. *See* Exhibit A; Dec of Jean Colarik (ECF No. 106-1) at p. 2; 12. The form requires S/TLs as part of their performance review to acknowledge in accordance with the form, if the employees believe their employment duties "meet the requirements" for continuing to be a "salaried, exempt [employee]." Court Ex. A; Tr. at 48-49. The form sets forth

2

a number of job requirements that the S/TLs must review in making their decision as to whether they are "properly classified as a salaried, exempt leader[.]" *Id*. The form includes two signature lines at the bottom in which the S/TLs are required to affix their signature acknowledging that they either "believe" or "do not believe" that they meet the requirements for a salaried, exempt leader. *Id*. The form only includes job duties that correspond with an exempt status.

The EEA form is sent to every store with instructions for Store Leaders to administer the form as "one component" of the S/TL's bi-annual review. Colarik Dec. (ECF No. 106-1) at p. 12. The reviews generally occur in February and August. *Id*. Giant Eagle emphasizes that no attorneys are involved in the review process, this litigation is not discussed, and the form is introduced to the S/TLs in a "neutral manner." *Id*. at p. 12. Nine hundred eighteen S/TLs completed the form. Tr. at 70-71.

Plaintiffs contend that through its counsel, it contacted Giant Eagle about these claims as early as October 2017 prior to filing suit and therefore Giant Eagle was on notice of the overtime wage violations. Plaintiffs contend that the form requires a lay person to come to a legal conclusion concerning the legal status of their employment and has a propensity for chilling participation in the class. The present motion followed. The motion is fully briefed, an evidentiary hearing was held on the matter and this issue is ripe for consideration.

Federal Rule of Civil Procedure 23(d) gives the court "the duty and broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Rule 23(d) states that in conducting a class action, the "court may issues orders that" may be required "to protect the class members and fairly conduct the action – giving appropriate notice to some or all class members of any step in the action[,]" Fed. R. Civ. P. 23(d)(1)(B)(i); and to "impose conditions on the

representative parties[.]" Fed. R Civ. P. 23(d)(1)(C). "[D]istrict courts must closely monitor the notice process and take steps to safeguard class members from unauthorized and misleading communications from the parties or their counsel." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 310 (3d Cir. 2005) (internal quotation marks omitted). This duty and authority applies equally to collective actions, where the district court must "oversee the joinder of additional parties to ensure that the task is accomplished in an efficient and proper way" especially in instances where "employees receiving accurate and timely notice concerning the pendency of the collective action" affects whether they "can make informed decisions about whether to participate" in the action. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989). Any order prohibiting communication must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 104, n. 21. *See also Weller v. Dollar Gen. Corp.*, CV 17-2292, 2019 WL 1045960, at *2 (E.D. Pa. Mar. 4, 2019). "An acceptable limitation on communication between parties and putative class members is that which is 'grounded in good cause and issued with a heightened sensitivity for [F]irst [A]mendment concerns.' " *Katz v. DNC Services Corp.*, 275 F. Supp. 3d 579, 582 (E.D. Pa. 2017) (quoting *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1205 (11th Cir. 1985)).

It is undisputed that the present iteration of the EEA form is no longer used by Giant Eagle to conduct performance reviews and that the new form employed by Giant Eagle removed the language requiring the employee to confirm that she was properly an exempt employee. While Giant Eagle maintains that it will not use the old form in the future, the court must still address whether the old form has the potential for abuse and potential interference with the rights of the over-900 employees who completed it. The EEA form must be limited because it has a great

potential for misleading, confusing and chilling participation in this matter for potential collective and class members.

While Giant Eagle largely contends that it has done nothing improper, the court is not so much concerned with Giant Eagle's intent in utilizing the EEA form, but rather, what effect using this form had on S/TLs. Currently, the form is administered during S/TLs' performance reviews, which implicitly conditions a completion of the form as a condition of the performance review. There is no evidence that Giant Eagle allows S/TLs to complete the form outside of the performance review and at least one employee when presented with the form felt as though if he did not fill out the form in the affirmative, he could not remain in his present position as an S/TL. Tr. at 14-16. Requiring an employee to come to a legal conclusion about the proper classification of their job and affix their signature thereto at a performance review has great potential to confuse and mislead the employee and chill participation in the class/collective, as it easily follows that an employee who concluded she was properly classified as exempt would not participate in this instant action due to the mistaken belief that she waived her claims.

The court agrees with Giant Eagle that there is nothing inappropriate with it reviewing and discussing with its employees expected and actual job duties with the intent of gaining information to determine whether the employee's classification as exempt is proper under federal or state law. The court takes issue with the fact that Giant Eagle requires its employees to sign an acknowledgement form requiring the employee to choose whether her classification is proper. Moreover, while we will not glean Giant Eagle's intent in administering this form, it must be noted that Giant Eagle only began using this form after counsel for Plaintiffs notified Giant Eagle of the claims alleged in these cases.

The chilling effect of this form is real; because notice of this lawsuit has not yet gone out

to any potential member, a potential member may wrongfully believe that because they indicated in this form that they meet the requirements for a salaried, exempt leader, she is not entitled to join the action. The employee also may feel that if they fail to acknowledge that they are a salaried employee, that their performance review or job would be in jeopardy. Essentially, the form requires an employee to make a legal conclusion as to the proper classification of their job. While an employer absolutely can review with its employees whether its employees are properly classified as exempt by virtue of discussing the employee's expected and actual job requirements, it is not proper for an employer to place the onus on the employee to determine whether her job is properly exempt. The employee here is an unsophisticated employee without a legal department or any legal knowledge and cannot be expected to make that decision by executing an acknowledgment form during the course of a performance review.

Plaintiff also takes issue that the form only includes duties of a salaried, exempt employee and potentially ignores other actual job duties performed by S/TLs, which has the potential for improper classification. While it may not be best practices for an employer to include only exempt duties in a review form, the court does not find that this has the propensity to chill participation in the class and has a greater potential to infringe upon the employer's First Amendment rights.

Accordingly, the following order is entered:

1. Giant Eagle may not require S/TLs, as part of its performance review process or otherwise, to sign an acknowledgement that the S/TL must take a position of whether the S/TL believes she meets the requirements for a salaried, exempt leader.

2. Giant Eagle shall send a curative notice approved by the court to all S/TLs who signed the Acknowledgment as part of their August 2019 review that their completion and execution of the EEA form does not prevent them from joining this lawsuit. A joint proposed curative notice is due by **October 20, 2020**.

3. This order does not prevent Giant Eagle from engaging in communications, including asking questions related to the substance of the EEA or using a form which includes only

exempt duties, with its employees concerning their duties of employment and whether the employee meets the requirements for a salaried, exempt leader.

So ordered this 22nd day of September, 2020.

                                              By the Court:

                                              <u>s/ Cynthia Reed Eddy</u>
                                              Cynthia Reed Eddy
                                              Chief United States Magistrate Judge

cc: all registered counsel via CM-ECF