IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANDREW FITCH, RICHARD D'ALESSANDRO, MICHAELLE HUTCHISON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED;<br><br>    Plaintiffs,<br><br>    vs.<br><br>GIANT EAGLE INC,<br><br>    Defendant, | 2:18-CV-01534-RJC |

## ORDER

AND NOW, this 14th day of October, 2020,

After consideration of Defendants' motion for reconsideration and motion for clarification, for the reasons that follow, said motion is granted in part and denied in part.

As for Defendants' motion for reconsideration, a court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir.2013) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). Giant Eagle does not set forth under which prong it seeks reconsideration, but generally argues that there was no evidence that the use of the Employee Acknowledgment Form chilled participation in the class, and the court ordering a curative notice was premature because no class has been conditionally certified. As to Giant Eagle's first argument, Giant Eagle is seeking to relitigate what this court has already decided: that the Employee Acknowledgement Form has the potential to chill participation in this action in substance and by the way it was

1

administered. *See* Memo. Order (ECF No. 192) at 4-6. Accordingly, reconsideration is denied. As to Giant Eagle's issue with prematurely ordering a curative notice, the court will order the curative notice to be distributed if conditional certification is granted. All previous deadlines set by the court remain in effect.

As to Giant Eagle's motion for clarification to allow Giant Eagle to use the Employee Acknowledgment Forms as a business record in this litigation, such a request is premature as it is not yet clear how Giant Eagle will use any such forms in litigation and therefore issue is not yet ripe.

Accordingly, Giant Eagle's motion for reconsideration is granted in part as to the court's ruling to send a curative notice if a class is conditionally certified and denied in all other respects. All other deadlines remain in effect.

So ordered.

By the Court:

s/ Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: all registered counsel via CM-ECF